**Wilson JOHNSON, Petitioner,**

v.

**Roland WOODS, Respondent.**

**Civ. No. 70–1644.**

United States District Court, C. D. California.

March 5, 1971.

Wilson Johnson, in pro. per.

William Waysman, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner was found by a jury to be in imminent danger of becoming an addict by reason of repeated use of narcotics pursuant to Calif.Welf. & Inst.Code § 3100 et seq. On appeal the judgment and commitment entered under this verdict was reversed on the ground that the jury was improperly instructed. Petitioner was retried and on May 19, 1969, the jury again returned a verdict that by reason of repeated use of narcotics, petitioner was in imminent danger of becoming a narcotic addict as of May 3, 1967. This judgment was affirmed on appeal in an unpublished opinion by the Court of Appeal, Second Appellate District, Division Four, and the California Supreme Court denied hearing.

Petitioner now in this Petition for Writ of Habeas Corpus challenges his commitment by raising the following contentions:

(1) The jury was improperly instructed on the issue of what constituted imminent danger of addiction.

(2) The wrong date was used in determining when petitioner was in imminent danger of becoming addicted.

(3) The Court improperly refused petitioner's request to direct the jury to return special verdicts on numerous issues.

(4) Petitioner's rights were violated because he was not advised (again) of his *"Miranda* rights" immediately before he was examined by a physician.

(5) He has been subjected to double jeopardy by being tried twice on the same charge.

After reviewing the Petition, the Response, the points and authorities submitted by the parties, the Clerk's and Reporter's Transcripts on Appeal, the unpublished opinion of the Court of Appeal, Second Appellate District, Division Four, the Petition for Hearing in the California Supreme Court and the Petition for Writ of Habeas Corpus in the Court of Appeal, the Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

(1) *Jury Instruction re Meaning of "Imminent Danger of Becoming Addicted"*

The Government requested the following instruction, the last paragraph of which was stricken by the Court:

" * * * [B]y imminent danger of becoming addicted to narcotics is meant a state where there has been repeated use of narcotics, beyond the stage of mere experimentation, whereby the individual is on the verge of acquiring physical tolerance and emotional or physical dependence on the narcotic. To be imminent, the danger must be certain, immediate, and impending; it may not be remote, incertain or contingent. To be brought within the category of one in 'imminent danger of becoming addicted', it is not enough that the respondent be 'addiction-prone', or associate with addicts, or even have begun to experiment with narcotics; he must have subjected himself to repeated use of narcotics."

*"Nor is it enough that respondent has 'repeatedly used' narcotics or even be 'accustomed or habituated' to their use, unless such repeated use or habituation has reached the point that he is in imminent danger of becoming emotionally or physically dependent on their use."*

■ Petitioner claims that the omission of this last paragraph made the instruction an improper definition "imminent danger of becoming addicted" under Cal.Welf. & Inst.Code § 3100 et seq. This raises a question of state law and does not present any federal constitutional question or any question sufficient to warrant the granting of habeas corpus relief. 28 U.S.C. § 2241(c); Conway v. Wilson, 368 F.2d 485 (1966), cert. den. 386 U.S. 925, 87 S.Ct. 897, 17 L.Ed.2d 798.

Moreover, as the Court of Appeal found in their unpublished opinion, it is clear that the instruction as given was in compliance with People v. Victor, 62 Cal.2d 280, 42 Cal.Rptr. 199, 398 P.2d 391 (1965).

(2) *May 3, 1967, As Date As Of Which To Determine Petitioner's Status As An Addict*

■ This also is a matter of interpreting the State statute and thus it involves a question of state law. It does not raise a federal constitutional question, therefore it cannot be the ground for granting federal habeas corpus relief.

(3) *Special Verdicts*

■ Under California law, as in the federal courts, the directing of special verdicts is a matter solely within the discretion of the trial judge. There appear from the record to have been several legitimate, appropriate and legal reasons for the court refusing to do so here, among which is the fact that petitioner requested an unreasonable number of them, and the fact that the statute specifically sets forth the specific question for the jury to decide. The Court did submit that specific question

to the jury, but in any event this is a question only of state law, not federal constitutional law.

### (4) Petitioner's Right To Counsel At The Precommitment Physical Examination

■ Petitioner was advised of his right to counsel immediately after his arrest. The next day he was examined by the state-retained physician, an expert on narcotic addiction, who later testified at petitioner's jury proceedings.

California courts have consistently ruled that there is no right to counsel at this examination. People v. Garcia, 268 Cal.App.2d 712, 74 Cal.Rptr. 103 (1969), People v. Clark, 272 Cal.App.2d 294, 297–298, 77 Cal.Rptr. 50 (1969).

We are satisfied that this conclusion is correct considering both the nature of the examination and the fact that this is a civil commitment, not a criminal incarceration. The following language from *Clark* demonstrates that the State courts have thoroughly analyzed this issue in the light of the federal case law.

"We have also considered the impact of United States v. Wade, 388 U.S. 218, [87 S.Ct. 1926, 18 L.Ed.2d 1149], and Gilbert v. California, 388 U.S. 263, [87 S.Ct. 1951, 18 L.Ed.2d 1178], upon a suspect's right to counsel when he is examined by a state-retained physician preliminary to a proceeding to commit him for addiction pursuant to Welfare and Institutions Code section 3100 et seq. The Fifth Amendment privilege against self-incrimination is inapplicable to a compulsion that a suspect exhibit his body. (United States v. Wade, *supra*). The issue then is whether the physical examination conducted prior to a narcotics commitment proceeding is a 'critical stage' of the proceeding requiring counsel as is a lineup or is 'noncritical' as is the taking of an exemplar of handwriting where the suspect is charged with forgery. (Gilbert v. California, *supra*.) We conclude that in the sense the term is used by the United States Supreme Court, the physical examination was a 'noncritical' state of the proceedings against appellant. As in the case of a handwriting exemplar, the physical examination was the basis of a scientific conclusion which the appellant could have attacked through the ordinary processes of cross-examination and the use of his own experts. There were not present in the examination the vagaries of eyewitness examination emphasized by the United States Supreme Court in its holding that a line-up is of such a critical nature as to require the presence of counsel unless intelligently waived. Nor was there the possibility of taint of the testimony of all witnesses to the fact of identification that is present in a line-up. Appellant was free to select his own experts to testify to his claimed state of non-addiction. Under such circumstances, the *Wade-Gilbert* rule is not here applicable."

### (5) Double Jeopardy

■ This issue has not been presented to any state court and so we may not consider it here because there has been no exhaustion of state remedies as is required by 28 U.S.C. § 2254. Furthermore, there does not appear to be any merit to this contention since petitioner waived the double jeopardy claim by appealing the judgment and receiving a new hearing. United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964).

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.