Edward ALICEA, Petitioner,

v.

Robert KUHLMAN, Superintendent

and

Robert Abrams, Attorney General of the State of New York, Respondents.

No. 81 Civ. 7754(MP).

United States District Court, S. D. New York.

April 30, 1982.

Edward Alicea, pro se.

Robert Abrams, Atty. Gen. of State of N. Y., New York City, for respondents; Ellen S. Weisburd, Deputy Asst. Atty. Gen., New York City, of counsel.

## OPINION

MILTON POLLACK, District Judge.

Edward Alicea petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that his conviction on his voluntary plea of guilty to manslaughter violated the double jeopardy clause of the United States Constitution. For the reasons shown hereafter, the petition will, in all respects, be denied.

*Prior Proceedings*

On June 29, 1973, defendant was tried before the Court and a jury in Bronx Supreme Court. The trial lasted nearly four weeks and was marred by many heated exchanges between the prosecutor, the defense attorneys, and the Court. Petitioner was convicted by the jury on first degree manslaughter, second degree manslaughter, and possession of a weapon as a felony. He was sentenced to an indeterminate period of imprisonment not to exceed twenty years for the manslaughter charges, and to a concurrent indeterminate period of up to seven years on the weapons charge.

On appeal to the Appellate Division of the New York Supreme Court, his conviction was affirmed on December 30, 1974, in an opinion by Mr. Justice Steuer, one Judge dissenting. *People v. Alicea*, 46 A.D.2d 322, 362 N.Y.S.2d 480 (1st Dep't 1974).

The defendant complained on his appeal that the conduct of the assistant district attorney who conducted the prosecution was improper and prejudiced a fair trial. To this, the majority of the Appellate Division found as fact that "we do not believe that the totality of incidents, . . . prevented the jury from making a determination on the evidence. While the issues were vigor-

ously contested by the defense, the essential elements were established beyond a reasonable doubt. . . . There was ample evidence . . . (etc.) It is unfortunate and highly understandable that the prosecutor, either through ignorance or a false sense of values, overstepped the bounds of propriety. . . . But to reverse on this score would only provide a guilty defendant with an undeserved windfall". *Id.* at 323, 362 N.Y. S.2d at 481.

The minority Justice in the Appellate Division wrote: "One might reasonably argue that none of the incidents referred to above, standing by itself, would be sufficient to infect the trial". . . . In any event the defendant was entitled to a fair trial, irrespective of whether or not his guilt was clearly proven". *Id.* at 328–29, 362 N.Y. S.2d at 487–88. The dissent concluded that he would "order a new trial."

The defendant appealed to the Court of Appeals from the order of the Appellate Division. Pursuant to N.Y.Crim.Proc.Law § 470.35 (McKinney 1971) the review in the Court of Appeals concerned only questions of law; the facts established at the trial and affirmed by the Appellate Division in respect of the guilt of defendant were not arguable thereafter.

On October 23, 1975, the New York Court of Appeals unanimously reversed the affirmance by the Appellate Division and ordered "a new trial." *People v. Alicea*, 37 N.Y.2d 601, 338 N.E.2d 625, 376 N.Y.S.2d 119 (1975). The Court stated that

This court will continue to abide by its determination not to accept the proffered doctrine which we have expressly renounced three times: that the fundamentals of fair trial need not be respected if the proof persuades us of a defendant's guilt. . . . Although every trial may not be impeccably conducted and free of some error, we will not tolerate trials where unadulterated unfairness and deceit have become the rule. *Id.* at 605, 338 N.E.2d at 628, 376 N.Y.S.2d at 122–23.

However, instead of proceeding with the new trial he was offered, on January 6,

1976, petitioner pleaded guilty to second degree manslaughter (Count One of the original indictment) and on March 5, 1976, petitioner was sentenced to an indeterminate term of imprisonment not to exceed eight years. Petitioner did not appeal the judgment of conviction entered on his guilty plea.

Some five years later, petitioner moved in the state court to vacate the judgment of conviction entered on his guilty plea, under N.Y.Crim.Proc.Law § 440.10, subd. 1(h) (McKinney 1971). He now claimed that the clause of the Constitution against double jeopardy barred a new trial and that his guilty plea did not prevent him from raising the question. He contended that his original conviction was reversed because of prosecutorial misconduct and that such misconduct invoked the protection against being placed in jeopardy again at a new trial. On June 25, 1981, the state court denied petitioner's motion to vacate his conviction on the grounds that "[b]y pleading guilty after the reversal defendant waived any right to the relief requested."

Petitioner then sought leave to appeal this ruling to the Appellate Division of the Supreme Court. His application was rejected on July 23, 1981 on the grounds that "your appeal was heard by this court and affirmed on December 30, 1974."

Petitioner then attempted to appeal to the Court of Appeals but he was informed that the action of the Appellate Division was not appealable to the Court of Appeals.

On December 14, 1981, petitioner sought a writ of habeas corpus from this Court.

*Discussion*

Defendants properly concede that "petitioner did not waive his right to claim double jeopardy by pleading guilty." *See Menna v. New York,* 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975) (per curiam).

Essentially, petitioner claims that the misconduct of the prosecutor at his trial was so egregious that the double jeopardy clause barred a second trial and consequently that his guilty plea was of no effect on this petition.

Underlying the protection against double jeopardy is the belief that "the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957).

However, as the Supreme Court has stated, "[t]he successful appeal of a *judgment* of conviction, [following the completion of a trial] on any ground other than the insufficiency of the evidence to support a verdict ... poses no bar to further prosecution on the same charge." (Emphasis supplied) *United States v. Scott,* 437 U.S. 82, 90–91, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1978) (footnote omitted). *See United States v. Jorn,* 400 U.S. 470, 484, 91 S.Ct. 547, 556, 27 L.Ed.2d 543 (1971); *Green v. United States,* 355 U.S. 184, 189, 78 S.Ct. 221, 224, 2 L.Ed.2d 199 (1957). As the Supreme Court has explained, "[i]t would be a high price indeed for a society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction." *Burks v. United States,* 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978), *quoting United States v. Tateo,* 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964).

The Supreme Court has specifically stated that "prosecutorial misconduct" is an example of that kind of reversible trial error for which retrial is not barred. *Burks,* 437 U.S. at 15, 98 S.Ct. at 2149.

Petitioner's reliance on cases involving a mistrial before a case has gone to the jury, *Drayton v. Hayes,* 589 F.2d 117 (2d Cir. 1979), is misplaced. *Drayton* holds that if a criminal defendant successfully requests a mistrial during and before completion of the trial on grounds of "prosecutorial or judicial overreaching," retrial is barred by the double jeopardy clause. 589 F.2d at

121. *See United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976).

As Justice Harlan stated for the plurality in *United States v. Jorn*, 400 U.S. 470, 484, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971):

> [T]he crucial difference between reprosecution after appeal by the defendant and reprosecution after a *sua sponte* judicial mistrial declaration is that in the first situation the defendant has not been deprived of his option to go to the first jury and, perhaps, end the dispute then and there with an acquittal. On the other hand, where the judge, acting without the defendant's consent, aborts the proceeding, the defendant has been deprived of his "valued right to have his trial completed by a particular tribunal." *See Wade v. Hunter*, 336 U.S. [684], at 689 [69 S.Ct. 834, 837, 93 L.Ed. 974].

In this case, no mistrial was declared, albeit a motion therefor was made. The New York Court of Appeals held that petitioner was entitled to another trial, not an acquittal for guilt clearly proved in a concluded trial.

Here, petitioner was not deprived of his "valued right to have his trial completed by a particular tribunal"; he had a trial which went to a finish in which the jury returned a verdict of guilty. Petitioner's conviction was overturned on appeal for trial error. Consequently, the double jeopardy clause did not bar retrial or conviction on petitioner's election to plead guilty before the new trial.

Accordingly, the petition for a writ of habeas corpus is lacking in legal merit and is hereby, in all respects, denied.

SO ORDERED.