**UNITED STATES of America, ex rel. Donald HOFFER, Petitioner,**

v.

**Robert MORROW, et al., Respondents.**

No. 85 C 9078.

United States District Court, N.D. Illinois, E.D.

Dec. 20, 1985.

Randy K. Johnson, Dundee, Ill., Ralph Ruebner, The John Marshall Law School, Chicago, Ill., for petitioner.

State's Attorney of Kane County, Geneva, Ill., Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION

GRADY, District Judge.

The facts involved in determining the merits of this habeas corpus petition are simple; the resolution of the legal issue involved is not.

Petitioner was tried in state court for shooting and killing Harold Peters. He was convicted of murder, voluntary manslaughter *and* involuntary manslaughter. The trial court entered judgment on the murder verdict and sentenced petitioner. On appeal, the appellate court held that the three verdicts of guilty were legally inconsistent, and, therefore, reversed all the convictions and remanded for a new trial. *People v. Hoffer*, 122 Ill.App.3d 13, 77 Ill. Dec. 520, 460 N.E.2d 824 (2d Dist.1984). The Illinois Supreme Court affirmed the appellate court's judgment, also holding that the jury's verdicts were legally and logically inconsistent, requiring reversal and a new trial. *People v. Hoffer*, 106 Ill.2d 186, 88 Ill.Dec. 20, 478 N.E.2d 335 (1985). Petitioner, having been released on bond pending the Illinois Supreme Court's decision, has now been re-arrested, and the state has indicated its intention to retry him for murder.

Throughout the proceedings subsequent to his convictions, petitioner has argued that his conviction for involuntary manslaughter must stand, and that the state cannot retry him for murder and/or voluntary manslaughter without violating the double jeopardy clause of the Fifth Amendment to the United States Constitution. He asserts two arguments in support of his position: (1) by convicting him of involuntary manslaughter, the jury impliedly acquitted him of the greater offenses, and (2) the state is collaterally estopped from relitigating the necessary state of mind ele-

ment in a murder or voluntary manslaughter charge.

While multiple convictions for murder, voluntary manslaughter and involuntary manslaughter appear to be disturbingly frequent events in Illinois, *see Hoffer*, 106 Ill.2d at 200, 88 Ill.Dec. at 27, 478 N.E.2d at 342, we have found and the parties have cited no federal cases which discuss whether the double jeopardy clause precludes retrial in this situation. Because we believe that the instant situation involves the principles of continuing jeopardy or procedural error discussed in *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984), and *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 307–08, 104 S.Ct. 1805, 1813, 80 L.Ed.2d 311 (1984), we hold that retrial is not constitutionally barred.

## DISCUSSION

In a recent case, the Supreme Court held that when a defendant is convicted of a "compound" offense, but acquitted on the predicate offense, the conviction on the compound offense is unreviewable on double jeopardy grounds. *United States v. Powell*, —— U.S. ——, 105 S.Ct. 471, 83 L.Ed.2d 461 (1985).[1] This is because once a defendant is acquitted, he may not be re-tried on that charge under any circumstances, and "it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course." *Id.* at ——, 105 S.Ct. at 477. Since the acquittal, whether due to mistake, compromise or lenity, is unreviewable, so also is the conviction. *Id. See Will v. Comprehensive Accounting Corp.*, 776 F.2d 665, 676–77 (7th Cir.1985) (since the double jeopardy clause "blocks any review of a verdict in favor of the defendant," inconsistent guilty verdicts may stand).

In a footnote in *Powell*, the Court specifically noted that nothing in the opinion was intended to decide "the proper resolution of a situation where a defendant is convicted of two crimes, where a guilty verdict on

---

1. The defendant was acquitted of possession and conspiring to possess cocaine with intent to distribute. She was convicted of using the tele- phone in furtherance of the conspiracy. *Powell*, —— U.S. at ——, 105 S.Ct. at 474.

one count logically excludes a finding of guilty on the other." *Powell*, —— U.S. at ——, n. 8, 105 S.Ct. at 479, n. 8. The court cited *United States v. Daigle*, 149 F.Supp. 409 (D.D.C.), *aff'd per curiam*, 248 F.2d 608 (1957), *cert. denied*, 355 U.S. 913, 78 S.Ct. 344, 2 L.Ed.2d 274 (1958), as such a situation. In *Daigle*, the jury found the defendant guilty of both larceny and embezzlement, which the court held was inconsistent. *Id.* at 414. The court entered a judgment of acquittal on the greater offense, and allowed the conviction on the lesser offense to stand. The defendant's motion for a new trial was denied. *Id.*

Here, we have the opposite situation. Petitioner has been inconsistently convicted, as in *Daigle*,[2] but, instead of moving for a new trial, he wishes to retain the lesser conviction, as the court ordered in *Daigle*. While, as indicated, we have found no cases on point, we note that both *Powell* and *Daigle* at least imply that double jeopardy would not bar a new trial. In *Powell*, the Court held that a conviction inconsistent with an acquittal may stand because the defendant should not be *allowed* to retry his conviction. *Powell*, —— U.S. at ——, 105 S.Ct. at 477. This at least implies that a new trial on the inconsistent conviction would not violate the Constitution. Similarly, in *Daigle*, it apparently did not occur to either the defendant or the court that the defendant could not be retried.

Other indications that retrial is permissible here can be found in *Pipefitters Local Union No. 562 v. United States*, 407 U.S. 385, 400–401 n. 11, 92 S.Ct. 2247, 2256 n. 11, 33 L.Ed.2d 11 (1972); *Mathews v. Marshall*, 754 F.2d 158, 160 n. 3 (6th Cir.1985), *cert. granted*, —— U.S. ——, 105 S.Ct. 2673, 86 L.Ed.2d 692 (1985); and *Crawford v. Fenton*, 646 F.2d 810, 817 n. 8 (3d Cir.), *cert. denied*, 454 U.S. 872, 102 S.Ct. 344, 70 L.Ed.2d 178 (1981).

In *Pipefitters*, the Court discussed the impact of the jury's special findings, which were probably inconsistent with its general verdict. The Court stated that if the two were inconsistent, "petitioners would still be entitled at best to a new trial, not acquittal." *Id.* Therefore, again, the Court was at least implying that no double jeopardy difficulties would arise in retrying the defendants. In *Crawford*, the jury's answers to special interrogatories were inconsistent with its guilty verdict, and the trial judge ordered the jury to resume deliberations. When the jury indicated further confusion and asked to be released, the judge declared a mistrial. *Crawford*, 646 F.2d at 812. The Third Circuit held that the defendant could be retried because the mistrial was by manifest necessity—a confused jury is similar to a deadlocked jury, permitting retrial. *Id.* at 817. In a footnote, the court, citing *Pipefitters*, noted that even if the judge had accepted the verdict and had not declared a mistrial, the defendant "would have been entitled, at most, to a new trial." *Crawford*, 646 F.2d at 817.

Finally, in *Mathews*, the petitioner was convicted of armed robbery on a plea of guilty. He was then indicted and found guilty of aggravated murder. The petitioner argued, and the appellate court eventually agreed, that the aggravated murder conviction violated the double jeopardy clause, since the same elements were involved in armed robbery and aggravated murder. Murder, as opposed to aggravated murder, does not involve the same elements as armed robbery, and the issue in *Mathews* was whether the aggravated murder conviction could simply be reduced to murder (as the state contended), or whether the state had to retry the petitioner for murder (as the petitioner contended). Both the state and the petitioner agreed that the

2. In Illinois, a murder verdict requires a factual finding that the defendant did not believe his conduct was justified. A voluntary manslaughter verdict requires that the defendant did believe, unreasonably, that his conduct was justified. An involuntary manslaughter verdict requires a finding that the defendant's acts reck-

lessly but unintentionally caused the death of the victim. Here, the jury found all three mental states in the petitioner, and, therefore, the verdict was legally and logically inconsistent. *Hoffer*, 106 Ill.2d at 195, 88 Ill.2d at 25, 478 N.E.2d at 340.

petitioner could still be tried for murder without violating the double jeopardy clause. The court stated that the reason retrial would be permitted was that the reversal of the aggravated murder conviction rested on procedural grounds, and the Supreme Court "has consistently recognized that the reversal of a conviction on procedural grounds does not preclude the government from retrying a defendant." *Mathews*, 754 F.2d at 160 n. 3, *citing United States v. Tateo*, 377 U.S. 463, 465, 84 S.Ct. 1587, 1588–89, 12 L.Ed.2d 448 (1964).

■ All these cases permitted or indicated approval of retrial despite inconsistent guilty verdicts. Only *Mathews* explains the basis for this permission—the procedural nature of the reversal. It is a longstanding principle of American jurisprudence that when a first trial is terminated in a mistrial because the jury could not reach a verdict, the defendant may be retried, because "the ends of public justice would otherwise be defeated." *Richardson*, 468 U.S. at ——, 104 S.Ct. at 3086, *citing United States v. Perez*, 9 Wheat. 579 (1824). It is also clear that the double jeopardy clause does not bar re-prosecution of a defendant whose conviction is overturned on appeal (except if it is overturned based on insufficiency of the evidence). *See Lydon*, 466 U.S. at 307–08, 104 S.Ct. at 1813, *citing United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). In the first situation, mistrial, courts view the jeopardy of the first trial as never having terminated, and, therefore, the second trial does not subject the defendant to double jeopardy. *See Richardson*, 468 U.S. at ——, 104 S.Ct. at 3086. In the second situation, reversal of conviction, while jeopardy may technically have terminated, sound administration of justice still permits retrial. *See Lydon*, 466 U.S. at 316–18, 104 S.Ct. at 1818 (Brennan, J., concurring); *Tateo*, 377 U.S. at 466, 87 S.Ct. at 1589. Thus, it is only when the government is attempting to attack an acquittal that the double jeopardy clause acts to bar such governmental overreaching. *See Ohio v. Johnson*, 467 U.S. 493, ——, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425 (1984). Otherwise,

the "ends of public justice" or "sound administration of justice" precludes application of the clause to bar retrial.

■ We agree with the court in *Crawford* that a jury evincing inconsistency most closely parallels a deadlocked jury. A logically inconsistent multiple conviction is the equivalent of no verdict at all. Therefore, pursuant to *Richardson* and *Perez*, retrial should be allowed. Alternatively, if the multiple convictions are treated as a verdict, it is a verdict of conviction, which, under the principles of *Tateo* and *Ball* may, after it has been set aside, subject the petitioner to a new trial. Under either theory, the ends of justice permit retrial.

Petitioner argues that by convicting him of involuntary manslaughter, the jury made a factual finding that he unintentionally caused Peters' death. Therefore, the jury impliedly acquitted him of the greater charges, or alternatively, this finding as to his state of mind cannot be relitigated.

■ When a defendant has been prosecuted and convicted of a lesser included offense, then, as *Mathews* indicates, he cannot later be prosecuted for the greater offense. *See Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Similarly, when the government initially prosecutes a defendant for the greater offense, and the jury convicts only on the lesser included offense, the government cannot reprosecute for the greater offense. *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). This is because by convicting only on the lesser charge, the jury has "impliedly acquitted" the defendant on the greater charge. *Price*, 398 U.S. at 328, 90 S.Ct. at 1761; *Green*, 355 U.S. at 191, 78 S.Ct. at 225.

We agree with the Illinois Supreme Court that the doctrine of implied acquittal does not apply here, where the jury has expressly convicted the petitioner on all the charges. In both *Price* and *Green*, when the juries convicted on the lesser included charge, they remained silent as to the

greater charges, allowing for the implication of acquittal. Here, obviously the jury did not mean to acquit the petitioner on the greater charges, and it did not in fact acquit him on those charges. As indicated above, because petitioner was expressly convicted of the greater offenses, the jury's verdicts can be considered as either no verdict or multiple convictions. The verdict cannot be considered an acquittal.

An "acquittal" is a resolution in the defendant's favor of some or all of the factual elements of the offense charged. *United States v. Scott*, 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978) *citing United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). *See Will, cited supra* at 668–69 (verdicts "in favor" of defendant). Under no rational perspective can a jury's express finding of guilty be considered a factual resolution in the defendant's favor, and, therefore, an acquittal.[3] The verdict of guilty on the involuntary manslaughter charge can be viewed as an implied finding of not guilty on the other charges only be ignoring the express findings of guilt on those other charges. There is no rule that in double jeopardy determinations only part of the picture is considered. Since petitioner was not acquitted, he can be retried.

◼ Similarly, petitioner's collateral estoppel argument must fail. In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the Supreme Court held that "when an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. at 1194. Therefore, when a jury by its verdict must have found in the defendant's favor at trial, the state cannot relitigate that issue. *Id.* at 446, 90 S.Ct. at 1195.

Here, there has been no valid and final judgment, *see Hoffer*, 106 Ill.2d at 199, 88 Ill.Dec. at 27, 478 N.E.2d at 342; petitioner was not acquitted (*see Ashe*, 397 U.S. at 446, 90 S.Ct. at 1195—collateral estoppel is to "protect a man who has been acquitted"); and the jury did not necessarily find in petitioner's favor. *See United States v. Price*, 750 F.2d 363 (5th Cir.), *cert. denied*, — U.S. ——, 105 S.Ct. 3526, 87 L.Ed.2d 651 (1985).

In *Price*, the defendant, a former employee of the Army Air Force Exchange

---

**3.** Petitioner cites an Illinois statute which states that "a conviction of an included offense is an acquittal of the offense charged" to support his position that he was acquitted of the greater offenses at his trial. *See* Ill.Rev.Stat. ch. 38, ¶ 3–4(a). We believe that this statute cannot aid petitioner for three reasons. First, in a habeas corpus petition, we do not determine whether a state has violated its statute. We are only interested in whether the state's action is a violation of the federal Constitution. Here, Illinois will violate the double jeopardy clause of the Constitution only if its retrial of petitioner occurs after a jury has found in his favor on some or all of the factual elements of the offense charged. It is this definition of "acquittal" given by the United States Supreme Court that guides our determination. *See Martin Linen*, 430 U.S. at 571, 97 S.Ct. at 1354; *United States v. Wilson*, 420 U.S. 332, 336, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975); *United States v. Sisson*, 399 U.S. 267, 270, 290, 90 S.Ct. 2117, 2119, 2129–30, 26 L.Ed.2d 608 (1970) (irrelevant whether trial court's decision is characterized as "acquittal;" issue for double jeopardy purposes is whether trial court ruling was made on the facts).

Second, even if we do view the state's statute as having significance to our decision, we defer to the Illinois Supreme Court's interpretation of this statute, and the Court found that it did not apply here. *Hoffer*, 106 Ill.2d at 198, 88 Ill.2d at 26–27, 478 N.E.2d at 341–42. *See United States ex. rel. Young v. Lane*, 768 F.2d 834, 840, 841 (7th Cir.1985) (United States Supreme Court allows states to determine degree of finality to be attached to a state proceeding, and states possess substantial latitude to decide which decisions are to be treated as "acquittals").

Finally, even if we independently determined whether the statute converted the jury's verdict here to an acquittal of the greater offenses, we would agree with the Illinois Supreme Court that it does not, since the statute is inapplicable to the instant situation. The purpose of the statute was to embody the constitutional principles found in *Vitale, Green* and *Price*, and, specifically, to prevent a trial judge, unhappy with a jury's verdict of guilty on only one offense, from refusing to enter judgment. *See* Committee Comment—1961, found in Smith-Hurd Illinois Anno.Stats., ch. 38, ¶ 3–4 at 215. The statute does not apply when a jury has convicted the defendant of the greater offense.

Service, was indicted on three counts: conspiracy to obtain gratuities, making false statements before the grand jury, and income tax evasion. The jury acquitted him (inconsistently) on the latter two counts, but convicted him on the conspiracy count. On appeal of the first conviction, the Fifth Circuit reversed because of an evidentiary error, and remanded for a new trial on the conspiracy count. In the second trial, the defendant was again convicted for conspiracy to obtain gratuities. The defendant appealed, arguing that under the doctrine of collateral estoppel, the trial court improperly permitted the introduction of evidence which should have been barred as a result of his acquittal on the perjury and tax evasion charges. The Fifth Circuit affirmed the conviction. *Id.* at 364. The court held that by convicting him on the conspiracy count in the first trial, the jury necessarily found the defendant culpable and resolved factual issues adversely to him. While he was inconsistently acquitted on the perjury and tax evasion charges, no evidence at the first trial was used solely to prove an income tax evasion or perjury, and, therefore, all the evidence admitted at the first trial could be used against him. The court emphasized that the defendant had been convicted in the first trial, and, therefore, the inconsistent verdicts as to the other counts "are not to be read as a finding of fact favorable [to the defendant] on testimony which overlapped each count." *Id.* at 366. Moreover, the court even expressed doubt whether the doctrine of collateral estoppel applies at all when the second trial involves the same offense as the first trial. *Id. See also Johnson,* 467 U.S. at ——, 104 S.Ct. at 2541–42 n. 9.

Here, petitioner was not even acquitted of the greater offenses, and therefore no finding of fact was necessarily made in his favor. As *Price* indicates, when a defendant is inconsistently convicted and acquitted, the court cannot assume that facts were found in the defendant's favor when those same facts had to be otherwise resolved to convict him. Certainly when a defendant is inconsistently convicted, with no acquittals, this principle still applies.

## CONCLUSION

Petitioner's habeas corpus petition is denied.