911 F.2d 731
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis L. CLARK, Petitioner-Appellant,
v.
Robert G. REDMAN, Respondent-Appellee.
 No. 89-1761.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1990.
 
 Before WELLFORD and SUHRHEINRICH, Circuit Judges, and BELL*, District Judge.
 PER CURIAM.
 
 
 1
 Petitioner-appellant Curtis Lee Clark was convicted of first-degree murder in Detroit Recorder's Court on October 24, 1975, and sentenced to life imprisonment. Petitioner's conviction was upheld on appeal, and his first petition for habeas corpus relief was denied, a denial that was affirmed by this court on appeal. Clark v. Anderson, 611 F.2d 371 (6th Cir.1979) (Clark I ).
 
 
 2
 In November 1983, petitioner filed a second habeas petition in the federal district court. This second petition, filed ten years after the murder of which he was convicted, alleged ineffective assistance of counsel, in that counsel failed to interview or seek the testimony of certain alibi witnesses. The district court denied the petition, and this court reversed, holding that failure to investigate potentially exculpatory witnesses represented a deficiency in counsel's performance sufficient to meet the first prong of the test outlined in Strickland v. Washington, 466 U.S. 668 (1984). Clark v. Redman, No. 86-2050 (6th Cir. Dec. 28, 1988), cert. denied, 109 S.Ct. 2458 (1989) (Clark II ).
 
 We also noted that
 
 3
 a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. [Strickland, 466 U.S. at 696.]
 
 
 4
 ... This is clearly not a case in which there is overwhelming support for the verdict.... At the very least, counsel's failure to investigate these exculpatory witnesses "undermines confidence in the outcome." It is reasonably probable that if these witnesses had testified at trial, petitioner would have been acquitted. For this reason, we hold that he has satisfied the prejudice prong of the Strickland test.
 
 
 5
 Clark II at 7-8.
 
 
 6
 We therefore remanded the case to the district court with instructions to issue the writ of habeas corpus.[1] The district court then issued the writ, drafted by petitioner's counsel, ordering that the petitioner be "released and discharged from all custody by the State of Michigan."
 
 
 7
 Petitioner was released by the Michigan Department of Corrections, but was immediately rearrested pursuant to the original arrest warrant in the case. It was by then clear that Michigan authorities intended to try petitioner again for the murder; petitioner then filed a motion for clarification with the district court. Following a hearing, the district court ruled that the state was not precluded, either under this court's order or the double jeopardy clause of the fifth amendment as incorporated, from reprosecuting petitioner for the murder. The district court issued an amended writ of habeas corpus, stating explicitly that the State of Michigan was not precluded from again prosecuting petitioner, and that "[t]o the extent that the state rearrests and reprosecutes the petitioner, the state shall treat him as a regular pretrial detainee." It is from this ruling that petitioner appeals.
 
 
 8
 Petitioner was retried in October 1989, and a jury returned a verdict of guilty of first-degree murder on October 9, 1989. It should be emphasized that petitioner himself waited ten years to pursue an ineffective assistance of counsel argument for the first time. (Even then the state judge who conducted a hearing, the magistrate, the district court and a judge of this court all concluded that Clark had failed to produce persuasive evidence that the omitted alibi testimony would have made a difference in the outcome.) There is no question but that petitioner's own delay was the principal reason for any difficulty in the recollection by witnesses of the factual details surrounding the murder event.
 
 
 9
 When a writ of habeas corpus is issued on grounds that the state failed to produce evidence sufficient to support a conviction, the constitutional proscription against double jeopardy precludes the state from retrying the petitioner. Burks v. United States, 437 U.S. 1 (1978). That result is the exception to the general rule, which permits retrial when a conviction is set aside not for insufficiency of evidence, but for error in the proceedings below. Lockhart v. Nelson, 109 S.Ct. 285, 290, 488 U.S. 33, ___ (1988).
 
 
 10
 The principle that [the Double Jeopardy Clause] does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence. United States v. Tateo, 377 U.S. 463, 465 (1964) (emphasis supplied).
 
 
 11
 Burks, 437 U.S. at 14.
 
 
 12
 Petitioner makes no serious effort to argue that this court's 1988 decision was premised on insufficiency of the evidence, nor could he. This court noted that the evidence in the first proceeding was not overwhelming, but this observation clearly was pertinent only to the second prong of Strickland 's ineffective assistance of counsel test. Indeed, petitioner did not even raise insufficiency of the evidence in his successful habeas petition, and there is nothing in the court's opinion to suggest that the court ever considered insufficiency of the evidence as grounds for relief.
 
 
 13
 Petitioner points out that courts issuing habeas writs often issue so-called conditional writs, providing that the writ will issue only if reprosecution is not undertaken within a specified time period. From this he deduces that because neither the court of appeals panel nor the district court made any mention of a conditional writ, his reprosecution must be barred. In this respect, Clark is mistaken.
 
 
 14
 We agree with the district court's determination that neither the previous panel's decision nor the constitutional prohibition against double jeopardy stands as a bar to petitioner's reprosecution under the circumstances present in this record. Accordingly, the determination of the district court is AFFIRMED.
 
 
 
 *
 THE HONORABLE SAM H. BELL, Judge, United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The specific holding concluded that "failure to investigate ... constituted deficient representation and resulted in prejudice." We did not hold, as suggested by petitioner and counsel in oral argument, that failure to pursue and present the alibi witnesses in any way indicated an insufficiency of evidence to convict. To the contrary, our holding in Clark I indicated a lack of any prejudicial constitutional error in the first trial