98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis Lee CLARK, Petitioner-Appellant,
v.
Robert E. LECUREUX, Respondent-Appellee.
 No. 95-1970.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: LIVELY, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Curtis Lee Clark appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the City of Detroit Recorder's Court in 1975, petitioner was convicted of first-degree murder and was sentenced to life imprisonment. Thereafter, petitioner sought and was granted federal habeas corpus relief from the conviction at this court's direction on the ground that petitioner received ineffective assistance of counsel at trial. See Clark v. Redman, No. 86-2050, 1988 WL 138971 (6th Cir. Dec. 28, 1988), cert. denied, 490 U.S. 1102 (1989). After the district court entered an amended judgment granting habeas relief on remand, this court affirmed a district court ruling that petitioner could be retried on the murder charge. See Clark v. Redman, No. 89-1761, 1990 WL 118692 at * 2 (6th Cir. Aug. 15, 1990) (per curiam). Petitioner again was convicted of first-degree murder upon retrial before a jury in the Detroit Recorder's Court in 1989 and again was sentenced to life imprisonment. Petitioner's conviction was affirmed by the Michigan Court of Appeals on direct appeal, and the Michigan Supreme Court denied leave to appeal.
 
 
 3
 Next, petitioner filed the instant habeas petition in the district court alleging as grounds for relief: (1) his defense was prejudiced by the lengthy delay between the crime and his second trial; (2) prosecutorial and judicial misconduct; (3) hearsay evidence of another murder improperly was admitted into evidence; (4) evidence of the use of aliases by a defense witness improperly was admitted into evidence; (5) improper impeachment of a defense witness was permitted; (6) the trial judge improperly denied the jury use of a transcript during its deliberations; (7) the prosecutor made an improper closing argument; (8) inflammatory photographs improperly were admitted into evidence; and (9) the jury venire was asked improper questions during voir dire. Respondent filed an answer in opposition to the petition, and petitioner submitted a traverse. The district court denied the petition as without merit, and this timely appeal followed. The district court granted petitioner a certificate of probable cause to appeal.
 
 
 4
 On appeal, petitioner contends that: (1) he was not subject to retrial following the grant of habeas corpus relief directed by this court; (2) the judge and prosecutor engaged in prejudicial conduct; (3) hearsay testimony improperly was admitted into evidence; (4) the district court erroneously found several of his claims barred by procedural default without an evidentiary hearing; and (5) the trial court improperly denied the jury use of a transcript during its deliberations. Upon consideration, the judgment of the district court is affirmed essentially for the reasons stated by the district court in its memorandum opinion and order of dismissal filed July 31, 1995. The district court held that: (1) retrial of petitioner was not barred because petitioner was responsible for the delay between trials; (2) petitioner was not deprived of a fair trial by judicial or prosecutorial misconduct; (3) any error in the admission of hearsay was harmless; (4) petitioner had procedurally defaulted other claims; and (5) the trial court did not foreclose the jurors' request to have the transcript read back to them. Further, it is noted that the claims petitioner asserted in the district court but did not assert before this court on appeal have been waived and are unreviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.