Mr. Justice Harlan
delivered the opinion of the Court.
This case presents the question whether a federal criminal defendant who has had his conviction overturned in collateral proceedings on the ground that a guilty plea entered by him during trial was not voluntary but induced in part by comments of the trial judge, may be tried again for the same crimes or is protected against such *596 a prosecution by the Double Jeopardy Clause of the Fifth Amendment. We hold that under these circumstances retrial does not infringe the constitutional protection against double jeopardy.
On May 16, 1956, the. appellee, Tateo, and another were brought to trial before a jury on a five-count indictment charging bank robbery (18 U. S. C. § 2113 (a)); kid-naping in connection with the robbery (18 U. S. C. § 2113 (e)); taking and carrying away bank money (18 U. S. C. § 2113 (b)); receiving and possessing stolen bank money (18 U. S. C. §2113 (c)); and conspiracy (18 U. S. C. § 371) to commit some of these substantive offenses. On the fourth day of trial, the judge informed Tateo’s counsel that if Tateo were found guilty by the jury he would impose a life sentence on the kidnaping charge and consecutive sentences on the other charges. Upon being told of the judge’s position and advised by his counsel that the likelihood of conviction was great, Tateo pleaded guilty, as did his codefendant. Thereupon the jury was discharged; the kidnaping count was dismissed with the prosecution’s consent; and Tateo was sentenced to a total of 22 years and 6 months imprisonment on the other counts.
In a later proceeding under 28 U. S. C. § 2255, another district judge (Judge Weinfeld) granted Tateo’s motion to set aside the judgment of conviction and for a new trial, determining that the cumulative impact of the trial testimony, the trial judge’s expressed views on punishment, and the strong advice given by his counsel rendered it doubtful that Tateo possessed the freedom of will necessary for a voluntary plea of guilty. 214 F. Supp. 560.
After being reindicted on the kidnaping charge, Tateo was brought before a third district judge (Judge Tyler) for trial on that charge and the four bank robbery charges to which he had earlier pleaded guilty. Upon motions by the defense, Judge Tyler dismissed both the *597 kidnaping count, now abandoned by the Government, and the other four counts. He reasoned that, since neither genuine consent nor an “exceptional circumstance” underlay the termination of the first trial and no “waiver” of the double jeopardy claim had been made by Tateo, the Government was precluded from retrying him. 216 F. Supp. 850. The Government appealed, in accord with 18 U. S. C. § 3731, which permits direct appeal to this Court from a decision of a District Court sustaining a motion in bar before the defendant has been put in jeopardy. We noted probable jurisdiction, 375 U. S. 877. For reasons given below, we reverse the judgment of the District Court.
The Fifth Amendment provides that no “person [shall] be subject for the same offence to be twice put in jeopardy of life or limb . . . .” The principle that this provision does not preclude the Government’s retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence. In this respect we differ from the practice obtaining in England. The rule in this country was explicitly stated in United States v. Ball, 163 U. S. 662, 671-672, a case in which defendants were reindicted after this Court had found the original indictment to be defective. It has been followed in a variety of circumstances; see, e. g., Stroud v. United States, 251 U. S. 15 (after conviction reversed because of confession of error); Bryan v. United States, 338 U. S. 552 (after conviction reversed because of insufficient evidence); Forman v. United States, 361 U. S. 416 (after original conviction reversed for error in instructions to the jury).[1]
*598 That a defendant’s conviction is overturned on collateral rather than direct attack is irrelevant for these purposes, see Robinson v. United States, 144 F. 2d 392, 396, 397, aff’d on another ground, 324 U. S. 282. Courts are empowered to grant new trials under 28 U. S. C. § 2255, and it would be incongruous to compel greater relief for one who proceeds collaterally than for one whose rights are vindicated on direct review.
While different theories have been advanced to support the permissibility of retrial, of greater importance than the conceptual abstractions employed to explain the Ball principle are the implications of that principle for the sound administration of justice. Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants’ rights as well as society’s interest. The underlying purpose of permitting retrial is as much furthered by application of the rule to this case as it has been in cases previously decided.
Tateo contends that his situation must be distinguished from one in which an accused has been found guilty by a jury, since his involuntary plea of guilty deprived him of the opportunity to obtain a jury verdict of acquittal. We find this argument unconvincing. If a case is reversed because of a coerced confession improperly admitted, a *599 deficiency in the indictment, or an improper instruction, it is presumed that the accused did not have his case fairly put to the jury. A defendant is no less wronged by a jury finding of guilt after an unfair trial than by a failure to get a jury verdict at all; the distinction between the two kinds of wrongs affords no sensible basis for differentiation with regard to retrial.[2] Appellee’s argument is considerably less strong than a similar one rejected in Bryan v. United States, supra. In that case the Court held that despite the Court of Appeals’ determination that defendant had been entitled — because of insufficiency in the evidence — to a directed verdict of acquittal, reversal of the conviction with a direction of a new trial was a permissible disposition.
Downum v. United States, 372 U. S. 734, is in no way inconsistent with permitting a retrial here. There the Court held that when a jury is discharged because the prosecution is not ready to go forward with its case, the accused may not then be tried before another jury. The opinion recognized, however, that there are circumstances in which a mistrial does not preclude a second trial, see, e. g., United States v. Perez, 9 Wheat. 579 (jury unable to agree); Simmons v. United States, 142 U. S. 148 (likelihood that a juror subject to bias). In Gori v. United States, 367 U. S. 364, we sustained a second conviction after the original trial judge declared a mistrial on the ground of possible prejudice to the defendant, although the judge acted without defendant’s consent and the wisdom of granting a mistrial was doubtful. If Tateo had requested a mistrial on the basis of the judge’s comments, there would be no doubt that if he had been successful, the Government would not have been barred from retrying him. See Gori v. United States, 367 *600 U. S., at 368; see also 367 U. S., at 370 (dissenting opinion of Douglas, J.).[3] Although there may be good reasons why Tateo and his counsel chose not to make such a motion before the trial judge, it would be strange were Tateo to benefit because of his delay in challenging the judge’s conduct.[4]
We conclude that this case falls squarely within the reasoning of Ball and subsequent cases allowing the Government to retry persons whose convictions have been overturned. The judgment below is therefore reversed and the case remanded to the District Court with instructions to reinstate the four bank robbery counts.

It is so ordered.

 Green v. United States, 355 U. S. 184, does not undermine this settled practice; it holds only that when one is convicted of a lesser offense included in that charged in the original indictment, he can be retried only for the offense of which he was convicted rather than that with which he was originally charged.

 It is also difficult to understand why Tateo should be treated differently from one who is coerced into pleading guilty before a jury is impaneled.

 If there were any intimation in a case that prosecutorial or judicial impropriety justifying a mistrial resulted from a fear that the jury was likely to acquit the accused, different considerations would, of course, obtain.

 The dissent {post, p. 474) entirely misconceives the thrust of this argument. The point is not whether one could have expected Tateo to ask for a mistrial. Rather, it is whether, if such a request had been made and either had been granted or had underlain reversal on direct review, Tateo could have been tried again. If he could have been tried again, a decision proscribing retrial if attack is collateral would mean that any lawyer worth his salt would forbear requesting a mistrial in similar circumstances, even were he certain that his position would be sustained by the trial judge or on review. That any judicial system should encourage litigants to raise objections at the earliest rather than latest possible time seems self-evident. In other words, simple logic compels the conclusion that if the- Court precluded retrial here, it would also have to preclude retrial in a similar case in which a mistrial is granted. Such a result would contradict the language of both the prevailing and dissenting opinions in Gori.