THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
MANUEL ARTEAGA TORRES, Defendant and Appellant.

No. CR-65-157.     Decided February 4, 1966.

Edna Abruña Rodríguez for appellant. J. B. Fernández Badillo, Solicitor General, and Manuel Tirado Viera, Assistant Solicitor General, for The People.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

In pursuance of our Order of September 17, 1965, we consider in this appeal whether under the concurring circumstances it was serious reversible error to discharge definitively the jury which sat at the first trial held against appellant and at his second prosecution for the same offense.

Appellant was charged with theft in the subsequent degree. Before the opening of his trial he admitted this charge. The evidence having been heard, the trial court submitted the case to the jury. Sometime later the court recalled the jury which was already deliberating and discharged it on the ground that it had inadvertently submitted to the jury an information including the subsequent offenses. The case was heard on the second occasion and he was convicted of the theft object of this appeal. In this second prosecution appellant moved for dismissal on the ground already stated: the discharge of the jury in the previous prosecution. The court denied the motion for dismissal.

The Constitution of the Commonwealth of Puerto Rico provides that "No person shall be twice put in jeopardy of punishment for the same offense." Art. II, § 11. Section 169 of the Code of Criminal Procedure provides that when the defendant is convicted or acquitted, *or has been once placed in jeopardy upon an information*, the conviction, acquittal, or *jeopardy* is a bar to another information for the offense charged in the former.

In connection with the foregoing provisions, Rule 144 of the Rules of Criminal Procedure of 1963 authorizes the discharge of the jury *before the verdict*, among other reasons: "(d) If any error or irregularity should have been committed during the trial which in the opinion of the court precludes the jury from returning a fair and impartial verdict." In the cases of Rule 144, the cause may be tried again.

The fact that in discharging a jury *before the verdict*— though not at the request or with the acquiescence of defendant—the court acts on the assumption of subd. (d) copied above of Rule 144 does not establish per se the validity of a second prosecution for the same offense. The reason for this is that there is a constitutional guarantee which protects defendant, not against being twice punished, but against *being twice put in jeopardy* for the same offense. *Downum* v. *United States*, 372 U.S. 734, 736; *Green* v. *United States*, 355 U.S. 184, 188; *United States* v. *Ball*, 163 U.S. 662, 669.

■■ Hence, the question before us must be passed upon, not only in the light of the permissible authority of Rule 144, but also in pursuance of those constitutional norms which govern the matter and which would also permit or not a second prosecution without violating the guarantee. It may be said briefly of those norms that when there are circumstances in which the ends of substantial justice cannot be attained and there is a manifest necessity for so doing, or the ends of justice would otherwise be defeated, a trial may be discontinued and the jury discharged without the consent

of defendant or even over his objection, in which case a second prosecution for the same offense would not for that fact alone violate the constitutional guarantee. It is a norm complementary of the former that the discontinuance of a trial in these circumstances should be the product of a sound and conscientious discretion; the power ought to be used with the greatest caution, for obvious weighty considerations, and if there is a manifest necessity for so doing. *United States* v. *Tateo*, 377 U.S. 463; *Gori* v. *United States*, 367 U.S. 364, 367; *Wade* v. *Hunter*, 336 U.S. 684; *United States* v. *Pérez*, 9 Wheat. 579.[1]

With the foregoing in mind, let us examine the circumstances under which the prosecution in the present case was discontinued. Appellant was charged with an offense of theft consisting in getting hold, by force and violence and against the will of the injured party, of two tickets of the Puerto Rico lottery and of a hat. The information also contained the following allegations: That appellant had been sentenced on February 14, 1955, to serve from one to two years in the penitentiary, for attempt to commit theft, and that on December 8, 1957 he had been sentenced, for burglary in the first degree, to serve from one to three years in the penitentiary.

██ Ever since *People* v. *Beltrán*, 73 P.R.R. 466, 474 (1952), we have held that it is not proper in law to submit to the jury the allegations on the commission of other offenses contained in the information in order to prove recidivism, where, the fact having been admitted, there is no controversy before the jury on the matter. See *People* v. *González*, 80 P.R.R. 203, 205 (1958); *People* v. *Colón*, 81 P.R.R. 321, 324 (1958); *People* v. *Aponte*, 83 P.R.R. 491, 497 (1961). We had already said in *People* v. *Cancio*, 53 P.R.R.

---

[1] *Cf. People* v. *Collazo*, 51 P.R.R. 437 (1937); *People* v. *District Court; Colón, Int.*, 74 P.R.R. 783 (1953); *People* v. *Rosado*, 76 P.R.R. 362 (1954); *Soto* v. *Superior Court*, 90 P.R.R. 505 (1964).

520, 522 (1938), that the adjective subsequent placed before the classification of the crime does not alter or vary in any way the essential elements of the same. The offense is not distinct in its elements, but committed after conviction for another, a circumstance which is only alleged and taken into consideration for the purposes of the imposition of penalty. *People* v. *Conroig*, 60 P.R.R. 163 (1942); *People* v. *Almodóvar*, 61 P.R.R. 662 (1943).

■ The norm to avoid submitting to the jury an information containing an allegation of other offenses which has been admitted has its raison d'etre, more than in the mere nonobservance of a statutory provision, § 285 of the Code of Criminal Procedure as it has been construed, in the basic fact that a person should not be tried except for the specific offense charged, and, except in permissible cases by way of exception for specific ends and purposes, to permit the jury to be informed of the commission of other offenses which are not being tried may result in a verdict other than the product entirely of a fair and impartial trial.

■■ In the particular circumstances of this case, that could have been the result. *United States* v. *Tateo*; *Gori* v. *United States*, *supra*. According to Mr. Justice Douglas' citation, dissenting in *Gori*, at p. 371, a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments. We do not have the stenographic transcript of the prosecution evidence in the first prosecution. But if it was as that in the second, there could have been raised before the jury a problem of credibility of the aggrieved party's testimony, the only one on the facts, and in determining this credibility the jury's knowledge of the commission of other offenses by appellant would have been highly prejudicial to him. In the area even more subjective of the credibility in the subjective procedure of forming a judgment, an instruction not to take into

account those offenses would not have been, if it ever could be, an efficient way of avoiding the damage. In passing on the action of a court ordering the jury to be discharged, even over defendant's objection, it is necessary to consider that the trial judge is in a better position to make an intelligent evaluation of the situation object of the discharge.

■ Being fully conscious of the cautionary norm required by the constitutional guarantee against being put twice in jeopardy for the same offense, and leaving to the trial court a margin of sound discretion, under the circumstances of this case it does not seem to us that its action in discharging the jury in order to correct an irregularity which it reasonably believed was injurious to appellant was of such capricious or unjustified or unnecessary nature as to constitute a violation of the said constitutional provision.

The trial court did not err in not ordering the dismissal of this prosecution on the ground that appellant had been put twice in jeopardy for the same offense. The judgment appealed from will be affirmed.