Matthew **HAIRSTON**, Jr., Petitioner,

v.

A. E. **SLAYTON**, Jr., Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 71–C–45–D.

United States District Court,
W. D. Virginia,
Danville Division.

Oct. 26, 1971.

Matthew Hairston, Jr., pro se.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION

WIDENER, Chief Judge.

The petitioner, Matthew Hairston, Jr., was convicted of first degree murder and sentenced to life imprisonment in the Virginia State Penitentiary by the Circuit Court of Pittsylvania County on February 9, 1949. No appeal was taken from this conviction. The petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Pittsylvania County on May 13, 1970. The petition

was dismissed by the Circuit Court, and a petition for writ of error was denied. The petitioner then filed the present petition in forma pauperis pursuant to the provisions of 28 U.S.C. § 2241.

Hairston lists the following six reasons to support his contention that his conviction and sentence are unlawful:

1. Double jeopardy.
2. Denied effective assistance of counsel.
3. Denied the right to appeal in that neither the court nor counsel advised him of his right to appeal.
4. Denied counsel at preliminary hearing.
5. Coerced confession (involuntary statement) in that the investigating officer on his case took him out of the jail, and carried him off into the woods, wrote something on some paper, and made him sign it at the point of a gun.
6. That the trial court judge failed to instruct the jury in regard to the minimum penalty that could have been imposed.

The court has before it the state records which reveal all the pertinent factual matters necessary for the determination of Hairston's contentions. Therefore, no further hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

In his state habeas corpus petition of May 13, 1970, Hairston alleged the following grounds for relief:

1. That he was a minor, 19 years of age, at the time of the crime and at the time of arrest and was not produced before a juvenile court before indictment, trial, and sentence.
2. That the statement elicited from him was involuntary, and thus should have been held as inadmissible evidence.
3. That he was denied counsel at his preliminary hearing.
4. That the corpus delicti formulating the entire crime was never

proven, and he was thus convicted upon his statement alone.

5. That he was denied a fair and impartial trial in that he was twice put in jeopardy upon the charge of murder.
6. That he was denied effective representation of counsel.

While he did not initially, in the state habeas corpus proceeding, allege being denied his right to appeal as a ground for relief, this was considered and a determination was made as to it by the judge in the plenary hearing of September 3, 1970.

■ All of petitioner's grounds for relief in his present petition were determined by the state court in his habeas corpus hearing except the allegation that the trial court failed to instruct the jury as to the minimum penalty that could have been imposed. In appealing the state habeas corpus dismissal to the Virginia Supreme Court, the only issue raised on appeal was that petitioner was twice placed in jeopardy during his two trials in 1949. Therefore, this will be the only ground for relief which will be considered, since the petitioner has failed to exhaust his state remedies on the other grounds as required by 28 U.S.C. § 2254(b).

On October 26, 1948, Matthew Hairston, Jr., was arrested for the murder of Douthy Lee Bouldin. On motion of the defendant, the Circuit Court entered an order changing the venue of the trial of Hairston from Henry County to Pittsylvania County. The trial commenced January 18, 1949. At the conclusion of the trial proceedings on January 18, 1949, all the evidence having been heard and the instructions read, the court was adjourned until the following morning due to the illness of the wife of a juror, a Mr. Motley. The jury by agreement, was not kept together for the night. On the following morning, January 19, 1949, the court reconvened. At that time, the juror, Motley, desired to attend his wife at the hospital where her operation was being performed, which the

court allowed. The defendant's counsel objected to further separation of the jury and moved the court for a mistrial. The motion for a mistrial was sustained. The second trial commenced on February 9, 1949 in the Circuit Court of Pittsylvania County, Virginia. The jury returned a guilty verdict and set the sentence at life imprisonment. Upon these facts, the petitioner contends that he was twice placed in jeopardy.

Hairston filed an answer to respondent's answer on September 8, 1971. In this answer, he states: "The court records will state that the lawyers in the case *got together* (there is nothing in the record filed by petitioner's counsel requesting a mistrial) and agreed to a mistrial." This contention is wholly without foundation in fact. The record shows conclusively that the mistrial motion was made by petitioner's counsel. The record of the Pittsylvania County Court proceedings of January 19, 1949, a certified copy of which is before this court, shows that * * * "Counsel for the accused objected to further separation of the jury as prohibited by Section 4902 of the Code of Virginia and moved the court to grant a mistrial because the jury could not be kept together, which motion the court sustained on account of the mandatory provisions of Section 4902 of the Code of Virginia, requiring that the jury be kept together unless the accused consents otherwise."

In United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), it is said that where circumstances developed which were not attributable to prosecutorial or judicial overreaching, a motion by the defendant for a mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error. The facts here show that the circumstance to which the mistrial can be attributed was that a juror's wife was having an operation. The record of the trial on January 19, 1949 indicates that: "The court stated that it would have been inhuman to have kept Mr. Motley away from his wife under the circumstances." There is here no intimation of prosecutorial or judicial impropriety justifying a mistrial that resulted from a fear that the jury was likely to acquit the accused. United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964). Indeed, the record shows that the defendant's conviction was expected and that there was a fear of the death penalty.

The trial tactics of the defendant's attorneys in requesting a mistrial, rather than agreeing to a continuance, appear proper and correct.

The Supreme Court, in discussing double jeopardy, has said: "the double jeopardy provision of the Fifth Amendment * * * does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment." Gori v. United States, 367 U.S. 364, 368, 81 S.Ct. 1523, 1526, 6 L. Ed.2d 901 (1961). In the *Gori* case, the court discussed earlier cases in which a distinction is made between a mistrial granted for the sole interest of the defendant and one granted at the prosecutor's request. The court accordingly declared that: "Where for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment." *Gori* at p. 368, 81 S.Ct. at p. 1526.

■ Not only does it appear that the trial judge was correct in exercising his discretion in awarding a mistrial, but the Supreme Court has indicated that a retrial is proper where the defendant has requested a mistrial. In United States v. Tateo, supra, the court said: "[i]f Tateo had *requested* a mistrial on the basis of the judge's comments, there would be no doubt that if he had been successful, the Government would not have been barred from retrying him." United States v. Tateo, 377 U.S. 463,

## 200

467, 84 S.Ct. 1587, 1590, 12 L.Ed.2d 448. The same principle was recently stated in this circuit in United States v. Walden, 448 F.2d 925 (4th Cir. 1971), where the court said: " * * * it would be nonsense to allow a defendant to actively seek a mistrial and by so doing thereafter prevent any trial at all."

■ The court considers that the holdings of double jeopardy in *Jorn* and *Walden,* supra, do not apply to the facts of this case, for here the mistrial was at the instance of the accused. In any event, the mistrial was "* * * not attributable to prosecutorial or judicial overreaching." *Jorn,* 400 U.S. at p. 485, 91 S.Ct. at 557.

An order is this date entered consistent with this opinion dismissing the petition.