896 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Jeffrey CANTRELL, Petitioner-Appellant,
v.
William F. KELLEY, Respondent-Appellee.
 No. 89-6621.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1989.
Decided: Feb. 6, 1990.
 
 John Christian Lowe (Lowe & Jacobs, Ltd.; C. Randall Lowe, Yeary, Tate & Lowe; J. Lloyd Snook, III, Snook & Haughey, P.C., on brief), for appellant.
 Eugene Paul Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 William Jeffrey Cantrell appeals the denial of his petition for writ of habeas corpus. The United States District Court for the Western District of Virginia held that Cantrell's reindictment after a nolle prosequi of the first indictment did not violate the Double Jeopardy Clause. The district court also held that manifest necessity need not be established by a prosecutor seeking a nolle prosequi; however, if in fact manifest necessity must be found to permit retrial, it had been shown in the instant case. We affirm.
 
 I.
 
 2
 On April 19, 1982, a grand jury of the Circuit Court of Wise County, Virginia indicted Jeffrey Cantrell for the murder of his wife and for using a firearm in the commission of the crime. After his first trial ended with a hung jury, a second jury convicted Cantrell of first degree murder and sentenced him to life imprisonment. The Supreme Court of Virginia reversed the conviction because of the improper participation of a private prosecutor and remanded the case for a third trial. Cantrell v. Commonwealth, 229 Va. 387, 329 S.E.2d 22 (1985).
 
 
 3
 On remand Cantrell moved to dismiss the allegedly "tainted" original indictment with prejudice because of the prosecutorial misconduct. Rather than proceed to trial on a possibly defective indictment and in an attempt to cure any existing irregularities, the Commonwealth's attorney moved to nolle pross the indictment, to which Cantrell strenuously objected. Cantrell argued for dismissal or alternatively that the case proceed to trial. The trial judge granted the nolle prosequi motion without making any findings of law or fact. Though jurors were assembled in the courtroom, a jury had not been impaneled when the court granted this motion.
 
 
 4
 On October 21, 1985, the grand jury reindicted Cantrell for the same crimes as those alleged in the original indictment. Cantrell moved to quash the second indictment on double jeopardy grounds. The trial court denied the motion and the jury found Cantrell guilty of first degree murder. The Virginia Court of Appeals affirmed the conviction, Cantrell v. Commonwealth, 7 Va.App. 269, 373 S.E.2d 328 (1988), and the Supreme Court of Virginia denied the petition for appeal.
 
 
 5
 On March 28, 1989, the District Court for the Western District of Virginia dismissed Cantrell's petition for habeas corpus relief. The district court held that reindictment after a nolle prosequi on remand did not violate the Double Jeopardy Clause. The district court also rejected Cantrell's argument that the prosecutor must establish manifest necessity before a trial judge may grant a nolle prosequi motion. However, even if manifest necessity was required, the court found that the requisite necessity had been established by Cantrell's challenge to the validity of the original indictment.
 
 
 6
 Cantrell appeals.
 
 II.
 
 7
 The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." In United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964), relied upon by the district court, the United States Supreme Court held that where a conviction on a indictment has been reversed on a habeas corpus petition, there is no double jeopardy upon reindictment and reprosecution. Additionally, as the district court found, in practically all of the cases in which there has been a reversal of a conviction by an appellate court, the original indictment has not been prosecuted and a second indictment has been obtained. See, e.g., United States v. Mize, 820 F.2d 118 (5th Cir.), cert. denied, 484 U.S. 943, 108 S.Ct. 328, 98 L.Ed.2d 355 (1987).
 
 
 8
 Cantrell, attaching special significance to the fact that a jury was waiting to be impaneled to try the case, argues that his reindictment after his original indictment had been nolle prossed subjects him to double jeopardy. Cantrell asserts that although he could have been retried on the original indictment, the double jeopardy clause bars any further prosecution after the first indictment was nolle prossed over his objection. We reject this contention and agree with the district court that it matters not whether a conviction is reversed because of a defective indictment or for some other reason; a second indictment does not violate the Double Jeopardy Clause provided that jeopardy has yet to attach. In the case sub judice, it is clear that jeopardy had yet to attach since the jury had not been impaneled or sworn. Thus, the entry of a nolle prosequi did not bar reindictment, and the subsequent reprosecution of Cantrell did not violate the Double Jeopardy Clause.
 
 III.
 
 9
 Cantrell also argues that once jeopardy has attached a prosecutor must demonstrate manifest necessity for any discontinuation of prosecution and subsequent reprosecution over objection of the defendant. Cantrell contends that in the instant case the prosecutor failed to establish manifest necessity before the trial judge granted the motion to nolle prosequi.
 
 
 10
 Once a jury has been impaneled and sworn, jeopardy attaches, and unless manifest necessity for a mistrial is shown by the prosecutor, the Double Jeopardy Clause prohibits further prosecution. Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). In the instant case, the jury had not been impaneled or sworn, and no mistrial had been declared. Therefore, as the Virginia Court of Appeals stated in its well reasoned opinion, which was expressly adopted by the district court, the Commonwealth's attorney was not required to prove manifest necessity in support of its motion to nolle prosequi. Cantrell v. Commissioner, 7 Va.App. 269, ----, 373 S.E.2d 328, 333 (1988).
 
 
 11
 Even if manifest necessity was required to be shown by the prosecutor before obtaining an order nolle prosequi, we agree with the district court that Cantrell's challenge to the validity of the indictment constituted manifest necessity. The nolle prosequi and subsequent reindictment occurred solely as a result of Cantrell's objection to the allegedly tainted first indictment; thus, he should not challenge a second indictment which was obtained in order to correct an error to which he was objecting.
 
 
 12
 In Virginia, a motion to nolle prosequi may be entered by a court, in its discretion, for good cause shown. Va.Code. Sec. 19.2-265.3. This procedure does not, as Cantrell suggests, allow the prosecutor to take a nolle prosequi for a self-serving purpose because the ultimate decision is that of the court. In this case, the trial court's decision to grant the nolle prosequi enabled the prosecutor to correct any taint or irregularity in the indictment and prevent unnecessary error and potential reversal. Accordingly, the decision to grant the nolle prosequi was for good cause shown and in all likelihood prevented an appeal as to whether the "tainted" indictment required dismissal.
 
 
 13
 We hold that there are no constitutional grounds upon which to overturn the conviction of William Jeffrey Cantrell and thus affirm the district court's denial of his petition for writ of habeas corpus.
 
 
 14
 AFFIRMED.