The STATE of Ohio, Appellee,

v.

HATT, Appellant.

[Cite as *State v. Hatt* (2000), 140 Ohio App.3d 694.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA98–05–102.

Decided Dec. 18, 2000.

*Bruce Fassler*, Middletown City Prosecutor, for appellee.

*Michael D. Shanks* and *Timothy R. Evans*, for appellant.

---

WALSH, Judge.

Defendant-appellant, John Hatt, appeals his conviction in the Middletown Municipal Court for driving while under the influence of drugs and/or alcohol ("DUI") in violation of Middletown Codified Ordinances ("M.C.O.") 434.01(C)(2).

On November 13, 1997, at the intersection of State Route 122 and Towne Boulevard in Middletown, Ohio, appellant was found alone in the driver's seat of

an automobile blocking traffic in the turn lane of State Route 122. Another driver, Doug Klapter, who was attempting to turn at that intersection, got out of his vehicle and went to appellant's vehicle to talk to appellant. Appellant was incoherent and due to slurred speech appeared impaired. Klapter said appellant smelled of alcoholic beverage and in his opinion was under the influence of alcohol. Klapter asked appellant to shut off his engine and take the vehicle out of gear, which appellant did. A second person stopped and came to appellant's vehicle. That person assisted appellant from his vehicle to the side of the road and Klapter moved appellant's vehicle out of the roadway onto the grassy area beside the road. Shortly thereafter, the Middletown paramedics came to the scene, placed appellant into their ambulance, and took him to Middletown Hospital. In appellant's vehicle was a six pack of beer with one bottle opened. Also in the vehicle were two medicine bottles with labels indicating they contained Paxil and Ambian. The Ambian container was empty.

The police were summoned to the scene of the incident. After talking to Klapter, Middletown Police Officer Steve Ream went to the hospital to attempt to talk to appellant. At the hospital, appellant was still incoherent, was mumbling, and was falling asleep. The officer could get very little from appellant except that when asked if he had been drinking, appellant mumbled, "four beers." Following an unsuccessful attempt to wake him up, a blood sample was drawn from appellant and submitted to Miami Valley Lab for analysis. Appellant was subsequently charged with DUI in violation of M.C.O. 434.01(C)(2).

The case against appellant was scheduled for trial on April 21, 1998, some five months later. During the intervening months, appellant's attorney filed a not guilty by reason of insanity ("NGRI") plea. An examination of the record discloses that while a competency hearing was scheduled for February 23, 1998, no hearing is shown to have occurred and no ruling made on the NGRI plea exists in the record. Nor is there any pleading withdrawing the NGRI plea.

On the scheduled April 21, 1998 trial date, the case was tried to the court without the intervention of a jury. At trial, appellant's attorney stated he had the blood analysis report and acknowledged he told the prosecutor that it showed that appellant's blood contained no alcohol. Appellant's attorney did not offer the report into evidence in appellant's defense. No analysis was done at Miami Valley Lab to determine the presence, if any, of drugs of abuse in appellant's blood.

The trial court entered a guilty finding against appellant and he was sentenced accordingly. Appellant now appeals and assigns the following two errors:

Assignment of Error No. 1:

"The trial court erred in convicting the defendant of driving under the influence of alcohol where the only evidence is that the defendant had some odor of alcohol about his person; he mumbled 'four beers,' and there is evidence that there was no alcohol found in the defendant's system."

Assignment of Error No. 2:

"Where defendant's counsel does not ask for a bill of particulars, files no request for discovery and make [*sic* ] no effort to introduce clearly exculpatory evidence, the defendant has been denied the effective assistance of counsel."

We will address the second assignment of error first as it is dispositive of the case.

To decide appellant's claim of ineffective assistance of counsel, we must apply the two-tier test of *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, the defendant must show that his counsel's actions were outside the wide range of professionally competent assistance. Second, the defendant must demonstrate that he was prejudiced by reason of counsel's actions. *Id.* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Trial counsel's performance will not be deemed ineffective unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693, and that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, 143, 538 N.E.2d 373, 380, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. A reasonable probability is a probability sufficient to undermine confidence in the case's outcome. *Strickland* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 697–698; *Bradley* at paragraph three of the syllabus.

In the instant case, appellant was adjudged guilty of driving under the influence of alcohol. The evidence which the court relied upon to support such judgment included the facts that appellant smelled of alcoholic beverage; beer bottles were found in appellant's vehicle, one of which was empty; appellant appeared impaired and a lay person rendered an opinion that appellant was under the influence of alcohol; and appellant, while apparently incoherent, when asked said that he consumed four beers.

Appellant's attorney informed the Middletown assistant prosecutor that the report on the blood analysis showed that there was no alcohol in appellant's blood at the time the sample was drawn at the hospital. Appellant's attorney acknowledged that he told the prosecutor that the report showed a zero blood-alcohol content. The prosecutor appears to have accepted appellant's attorney's statement as truthful, as indicated by her statements to the trial court.

Appellant's attorney, on the threshold of trial, successfully asserted the physician/patient privilege so the prosecutor could not obtain appellant's hospital record that contained the report. The prosecutor stated that she would not seek to enter the report into evidence. Appellant's attorney, however, did not offer the blood-alcohol report into evidence.

It appears to us to be reasonably probable that had appellant's attorney offered into evidence a blood-alcohol analysis report showing no alcohol in appellant's blood taken shortly after he was driving his motor vehicle, the outcome of the proceeding would have been different. Here, appellant was convicted under the impairment section of Middletown's driving under the influence of alcohol or drugs ordinance. There was no evidence in the case establishing the presence of drugs of abuse in appellant's blood and no evidence identifying the Paxil and Ambian as drugs of abuse.

Appellant's attorney's failure to place in evidence a blood-alcohol report showing zero blood alcohol content in his client's blood in connection with what could only be a driving-under-the-influence-of alcohol conviction is legal representation that falls below an objective standard of reasonable representation and gives rise to the prejudice we have already described. Moreover, appellant's attorney's failure to require the court to rule on the NGRI issues or to make a record showing some resolution of those issues after having raised them is ineffective assistance of counsel. See *State v. Brown* (1992), 84 Ohio App.3d 414, 616 N.E.2d 1179.

Unfortunately, we do not have a brief from the city of Middletown in this case that would have assisted us in ruling on this appeal by explaining whatever procedures occurred and/or supplemented the record as necessary under App.R. 9. What we do know, however, is that the record contains a letter from appellant's attorney, dated December 8, 1997, in which he represents that appellant was then in the psychiatric ward at Good Samaritan Hospital in Cincinnati.[1] Appellant did not testify in the case. We are unable even to consider whether the trial court may have impliedly ruled against appellant on his NGRI plea by permitting the case to proceed to trial because the record does not show any hearing upon which the court could have evaluated evidence on the issue.

The placement of appellant in this position by his attorney drops well below an objective standard of reasonable representation. We have only to guess whether appellant was competent to stand trial or whether he was not guilty by reason of

---

1. There was also included in the case a "Competency Hearing Informational Motion" by the prosecutor dated February 12, 1998, which describes appellant as being depressed, restricted to a psychiatric ward at Good Samaritan Hospital under a suicide watch, and unable to assist in his defense.

insanity. Such demonstrates a reasonable probability that but for counsel's ineffective representation, the outcome of the proceeding would have been different.

For the foregoing reasons, we find that appellant was denied the effective assistance of counsel. Appellant's second assignment of error is therefore sustained. We reverse appellant's conviction and remand the matter to the trial court for a new trial.[2]

Appellant's first assignment of error is moot.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, P.J., and VALEN, J., concur.

---

**2.** *United States v. Tateo* (1964), 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448.