An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| AARON K. DANIELS,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE DOUGLAS W. HERNDON, DISTRICT JUDGE,<br>Respondents,<br>  and<br>THE STATE OF NEVADA,<br>Real Party in Interest. | No. 62541 |

**FILED**

MAY 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition requests an order requiring the district court to dismiss a criminal information on double jeopardy grounds. Petitioner argues that our reversal of his murder conviction was an implied acquittal and therefore he cannot be retried for that offense. We conclude that petitioner's argument lacks merit.

The Double Jeopardy Clause protects an individual from being subjected to more than one prosecution and possible conviction for an alleged offense following an acquittal. *Green v. United States*, 355 U.S. 184, 187-88 (1957). Consequently, the Double Jeopardy Clause will preclude a second trial when an appellate court reverses a conviction due to insufficient evidence because its decision is the functional equivalent of an acquittal. *Burks v. United States*, 437 U.S. 1, 16, 18 (1978). However, it is well established that the Double Jeopardy Clause will not preclude a

13-14251

second trial when an appellant court reverses a conviction due to an error in the proceedings that led to the conviction. *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988); *United States v. Tateo*, 377 U.S. 463, 465 (1964); *United States v. Ball*, 163 U.S. 662, 671-72 (1896).

Our order resolving petitioner's direct appeal concluded that the murder conviction must be reversed due to a trial error: The jury was erroneously instructed on one of the State's theories of criminal liability and therefore the jury's general verdict could not stand. *Daniels v. State*, Docket No. 44071 (Order Affirming in Part, Reversing in Part, and Remanding, November 29, 2006). Because our order did not expressly or implicitly acquit petitioner of the murder charge, the district court did not manifestly abuse its discretion, exercise its discretion in an arbitrary or capricious manner, or act without or in excess of its jurisdiction by denying petitioner's motion to dismiss the criminal information. *See* NRS 34.160; NRS 34.320; *International Game Tech. v. Dist. Ct.*, 122 Nev. 132, 142, 127 P.3d 1088, 1096 (2006); *see also Glover v. Dist. Ct.*, 125 Nev. 691, 701, 220 P.3d 684, 692 (2009) (a writ of prohibition will issue to preclude a retrial that would violate the Double Jeopardy Clause). Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                      Saitta

---

[1]In light of this order, we deny Daniels' motion for a stay of the proceedings.

cc: Hon. Douglas W. Herndon, District Judge
Gabriel L. Grasso, P.C.
Oronoz & Ericsson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk