Filed 10/27/25  P. v. Spain CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083917 |
| v. | (Super.Ct.No. RIF134994) |
| WILLIAM G. SPAIN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Reversed and remanded.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Pursuant to a plea agreement, defendant and appellant William G. Spain pled guilty to attempted murder (Pen. Code[1], §§ 667/187, subd. (a)) and robbery (§ 211). He also admitted that he personally used a deadly weapon (§ 12022, subd. (b)(1)), personally inflicted great bodily injury (GBI) (§ 12022.7, subd. (a)) and committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)). He further admitted that he had served one prior prison term. (§ 667.5, subd. (b).) The trial court sentenced him to the agreed-upon term of 25 years in state prison, which included the one-year prison prior enhancement. After the passage of Senate Bill No. 483 (2021-2022 Reg. Sess.), the court held a resentencing hearing at which it recalled defendant's sentence, struck the prison prior enhancement, sentenced defendant to a term of 24 years, and set the matter for further resentencing. At the subsequent hearing, the court denied defendant's motion to strike his 10-year gang enhancement, finding that granting it would endanger public safety.

On appeal, defendant asserts the court erred in failing to conduct a full resentencing — specifically, that it did not consider Assembly Bill No. 333's impact on his sentence. He also claims the court erred by considering his current dangerousness, rather than his future dangerousness upon release, and by not recalculating his custody credits at resentencing. The People concede that the matter should be remanded for a full resentencing and that defendant's credits should be recalculated.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

We reverse the court's denial order and remand the matter with directions for the trial court to determine whether the gang enhancement should be vacated, conduct a full resentencing, and recalculate defendant's custody credits.

PROCEDURAL BACKGROUND

In 2009, defendant was charged by information with attempted murder (§§ 664/187, subd. (a), count 1), kidnapping (§ 207, subd. (a), count 2), robbery (§ 211, count 3), and assault with a deadly weapon (§ 245, subd. (a), count 4).[2] The information alleged gang enhancements (§ 186.22, subd. (b)) as to all counts, and personal use of a weapon (§ 12022, subd. (b)(1)) and personal infliction of GBI (§ 12022.7, subd. (a)) as to count 1. The information also alleged one prior prison enhancement. (§ 667.5.)[3]

Defendant entered a plea agreement and pled guilty to counts 1 (attempted murder) and 3 (robbery) and, as to count 1, admitted the gang enhancement (§ 186.22, subd. (b)) and enhancements for personal use of a weapon (§ 12022, subd. (b)(1)) and personal infliction of GBI (§ 12022.7, subd. (a)). He also admitted one prison prior. On October 9, 2009, the court sentenced defendant, pursuant to the plea agreement, to a total term of 25 years in state prison, comprised of nine years on count 1, with consecutive

_____

[2] Three of defendant's codefendants were also charged in the information, but they are not parties to this appeal; thus, this opinion will focus only on defendant.

[3] We note the information alleged that defendant served a prior prison term for a July 7, 1999, conviction of assault by force likely to produce GBI, pursuant to section 667.5, subdivision (a). Section 667.5, subdivision (a) states that the court shall impose an additional three-year term for each prison prior. However, it appears the information may have been amended, since the record indicates that defendant admitted a prior prison enhancement for a conviction from October 14, 2009, under section 667.5, subdivision (b), and the court accordingly imposed one year on the prison prior.

3

terms of 10 years on the gang enhancement, one year on the personal use of a weapon enhancement, three years on the GBI enhancement, one year on count 3, plus one year on the prison prior.  The court dismissed the remaining charges and enhancements.  It also awarded defendant a total of 1018 days of credit for time served (885 actual and 133 conduct).

On October 9, 2023, the court recalled defendant's sentence pursuant to section 1172.75, struck the prison prior as invalid, and ordered a new abstract of judgment to reflect a 24-year sentence.  The court set the matter for further resentencing.

Defendant filed a resentencing brief pursuant to sections 1172.7/1172.75, 1170, and 1385, as well as Senate Bill No. 483 (Senate Bill 483), arguing that he was entitled to a full resentencing.  He contended that he was entitled to have the court consider any changes in sentencing laws since his conviction, as well as post-conviction factors which showed he was no longer a danger to the public.  Defendant specifically asked the court to strike the gang enhancement pursuant Senate Bill No. 81 (Senate Bill 81) and sentence him to a term of 15 years.

The People filed a brief opposing defendant's request.  The People first explained there is a split in authority on the issue of whether the court can alter a plea agreement without the consent of the prosecutor.  (See *People v. Coddington* (2023) 96 Cal.App.5th 562, 565 (*Coddington*) [if court indicates inclination to reduce sentence beyond striking prison prior, prosecution may withdaw its assent to plea agreement] and *People v. Carter* (2023) 97 Cal.App.5th 960, 977 (*Carter*) [prosecution may not withdraw from a

plea agreement if court further reduces a sentence].)  The People then argued that the court should not dismiss the gang enhancement, which would lead to defendant's immediate release, since he was a danger to the public.

On May 10, 2024, the day of the resentencing hearing, defendant filed a reply brief arguing that his sentence was enhanced in ways that were now considered excessive under section 1385.  He further contended that he was qualified for relief due to changes made to section 186.22 under Assembly Bill No. 333 (Assembly Bill 333).[4]

The court held the resentencing hearing, and defense counsel argued that he set forth a number of reasons in his motion that the court should strike the gang enhancement based on recent changes in the law, and that he added another reason in his reply brief based on changes made to section 186.22 itself.  The court stated it was concerned about the endangerment of the public, noting defendant's violent behavior of participating in an attack on inmates while in prison, which the People cited in its brief.  The court stated that some mitigating factors in section 1385 applied here, but section 1385 created an exception if there was a danger to public safety.  Defense counsel responded that, while there may have been an incident in prison, defendant had shown improvement overall and was no longer a danger to society.

The prosecutor argued that defendant had shown he was unwilling to comply with laws both out of custody and in custody, that his violence was escalating, and the court

---

[4] Assembly Bill 333 essentially adds new elements to the substantive offense and gang enhancements in section 186.22.  (*People v. E.H.* (2022) 75 Cal.App.5th 467, 479 (*E.H.*).)

should deny his motion. The court asked if the prosecutor wanted to address defendant's additional argument in his reply brief regarding Assembly Bill 333, and the prosecutor said he did not see the reply brief until that morning, but he thought the same exceptions to section 1385 applied.

The court commented that defendant's original crime was "atrocious" and he was about to receive a life sentence until the parties struck a plea bargain. The court then asked about the state of the law regarding whether, if it granted defendant's motion, the People "would be able to wipe out the plea and start all over again." The parties simply noted there was still a split in authority and they were "waiting for a decision." The court continued to comment on the facts of the case and viewing them in combination with defendant's violent behavior in prison, it concluded that granting defendant's motion would endanger public safety. The court thus denied the resentencing motion.

## DISCUSSION

### The Matter Should Be Remanded For a Full Resentencing

Defendant contends the court erred in failing to conduct a full resentencing since it did not apply the ameliorative changes under Assembly Bill 333 to his gang enhancement. He also argues the court erred in basing its conclusion that he was a danger to society under section 1385 on whether he was currently dangerous, rather than on whether he would pose a danger upon release in the future, if it dismissed his gang enhancement. The People concede the matter must be remanded for a full resentencing. They also contend that we need not address the issue of whether the court erred in its

6

application of section 1385, since remand is necessary due to Assembly Bill 333. The People assert that the proper procedure is for us to vacate the gang enhancement and remand for resentencing, with instructions that the prosecution be given the opportunity to retry the gang enhancement, if it wishes.

In his reply brief, defendant contends that because the current record does not establish the elements for a section 186.22 gang enhancement, as amended by Assembly Bill 333, this court should remand the matter for resentencing with directions to simply strike the gang enhancement and recalculate his custody credits.

We agree with the parties that the matter should be remanded for a full resentencing and the trial court should apply Assembly Bill 333 to defendant's sentence.

A. *Relevant Law*

In October of 2021, the Governor signed Senate Bill 483, effective on January 1, 2022, which added section 1171.1 to the Penal Code (subsequently renumbered as section 1172.75). This section declares: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 establishes a mechanism to provide affected defendants an avenue for relief from now invalid prison prior enhancements. Once the sentencing court receives information that a person in custody is serving a term for a judgment that

7

includes a now invalid prior prison term enhancement, the court must verify the judgment, recall the sentence, and resentence the defendant. (§ 1172.75, subds. (b) & (c).)

Section 1172.75, subdivision (d) states that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," and that resentencing "shall not result in a longer sentence than the one originally imposed." Subdivision (d)(2) directs the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." The court may also consider postconviction factors, such as the defendant's disciplinary record and record of rehabilitation while incarcerated. (§ 1172.75, subd. (d)(3).)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall"].)

Section 1172.75 applies to defendants convicted after trial and to defendants convicted by plea. Subdivision (a) invalidates "[a]ny sentence enhancement" imposed under section 667.5, subdivision (b), without qualification. Subdivision (c) mandates that

8

upon determining "the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." This unqualified language demonstrates the Legislature's intent that resentencing apply to all judgments containing an invalid enhancement, regardless of how the conviction was obtained.

Moreover, the Legislature expressly declared in Senate Bill 483 that "any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement" (Stats. 2021, ch. 728, § 1). This confirms that the Legislature intended section 1172.75 to apply to plea-bargained sentences.

Appellate courts disagreed regarding whether the prosecution may be permitted to rescind a plea agreement if a trial court grants sentencing relief beyond merely striking one-year priors. (*Coddington, supra*, 96 Cal.App.5th at p. 565 [prosecution may withdraw its assent to plea agreement]; but see *Carter*, *supra*, 97 Cal.App.5th at p. 964 [prosecution not entitled to withdraw assent to plea bargain if court further reduces a sentence].) The California Supreme Court granted review to address this dispute in *People v. Montgomery* (2024) 100 Cal.App.5th 768. However, the Supreme Court in *Montgomery* subsequently transferred the matter back to the court of appeal to vacate its decision and reconsider the case in light of Assembly Bill No. 2483, which added section 1171. (Stats. 2024, ch. 964, § 2.)

9

Thus, after this appeal was filed, the Legislature enacted section 1171, which became effective January 1, 2025. This statute provides that in postconviction resentencing hearings, trial courts have "jurisdiction to modify every aspect of the defendant's sentence, including if it was imposed after a guilty plea" (§ 1171, subd. (c)(2)), and that "[a]ny changes to a sentence shall not be a basis for a prosecutor or court to rescind a plea agreement" (§ 1171, subd. (c)(3)). While this statute was not in effect at the time of defendant's resentencing hearing, it reflects the Legislature's intent to ensure that defendants receive the benefit of ameliorative sentencing changes, regardless of whether their original sentence resulted from a plea bargain. This statute appears to codify the holding in *Carter* and reject the approach taken in *Coddington* regarding the prosecution's right to withdraw from plea agreements at resentencing.

B. *The Court is Required to Conduct a Full Resentencing*

Section 186.22 enhances the punishment of a person convicted of an enumerated felony committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members." (§ 186.22, subd. (b)(1).) Assembly Bill 333, which became effective on January 1, 2022 (see Stats. 2021, ch. 699), made significant changes to section 186.22, as it "amended the definitions of 'criminal street gang' and 'pattern of criminal gang activity' and clarified the evidence needed to establish an offense benefits, promotes, furthers or assists a criminal street gang." (*E.H.*, supra, 75 Cal.App.5th at p. 477.) Assembly Bill 333 essentially "amends section 186.22 to require proof of

10

additional elements to establish a gang enhancement." (*People v. Lopez* (2021) 73 Cal.App.5th 327, 343 (*Lopez*).)

Defendant specifically contends the matter should be remanded for the court to apply the Assembly Bill 333 amendments to section 186.22 to his case. The People concede that, in light of newly-enacted section 1171, defendant has the right to a full resentencing, and we agree. In *People v. Tran* (2022) 13 Cal.5th 1169, 1206-1207, the Supreme Court held that amendments made by Assembly Bill 333 applied retroactively under the rule of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (See, *People v. Burgos* (2024) 16 Cal.5th 1, 28 ["*Estrada*'s inference of retroactivity applies to the punishment-mitigating changes to section 186.22"] and *Lopez*, *supra*, 73 Cal.App.5th at p. 344 ["As Assembly Bill 333 increases the threshold for conviction of the section 186.22 offense and the imposition of the enhancement, . . . [defendant] is entitled to the benefit of this change in the law"].)

At the resentencing hearing here, the court made no reference to any of the statutory factors it was required to consider under amended section 186.22. Instead, the court noted defendant's "atrocious" crimes and commented that defendant had avoided a life sentence through his plea bargain. The prosecutor argued that the court should not dismiss the gang enhancement, since it would lead to defendant's immediate release, and he was a danger to the public. The court then asked what the state of the law was on whether or not the People would be able to "wipe out the plea and start all over again," if the court granted defendant's motion. The parties stated there was still a split of

11

authority. The court then stated, "[W]hen I look at the original facts of the crime, and I combine that now with what appears to be continued behavior in prison that is contrary to the law, including the violent acts most recently, I do think that granting the motion would endanger public safety." These comments indicate the court just accepted the prosecutor's argument and enforced the plea agreement, rather than conducting a full resentencing as required.

We conclude that section 1172.75 requires the trial court to conduct a full resentencing, particularly in light of section 1171. Because the record does not show the court applied Assembly Bill 333 to defendant's case, we reverse the court's denial order and remand the matter for a further resentencing hearing.

We note the People's contention that this court should vacate the gang enhancement and remand with the instructions that the prosecution be given the opportunity to "reprove that enhancement if it so wishes." In his reply brief, defendant argues that the People should not be given the opportunity to retry the gang enhancement under the amended law, since his conviction was by plea and the factual basis for the plea was the written plea agreement, which does not provide sufficient evidence to prove the elements of section 186.22. He specifically contends the People cannot now rescind the plea agreement to conduct a trial of the gang enhancement, and we should just remand the matter with directions for the court to strike the enhancement, essentially keeping the rest of the plea agreement intact.

12

We will reverse the court's denial of defendant's motion and remand the matter for a full resentencing, with directions for the trial court to determine if the gang enhancement should be vacated in light of Assembly Bill 333. If the court determines the gang enhancement must be vacated, the People must be given the opportunity to retry the gang enhancement in compliance with the amendments brought about by Assembly Bill 333. If the People choose to retry it, the trial court is directed to conduct a full resentencing after that issue has been decided. (See *People v. Tran* (2022) 13 Cal.5th 1169, 1207; see also, *People v. Sek* (2022) 74 Cal.App.5th 657, 669 and *United States v. Tateo* (1964) 377 U.S. 463, 465] [Double Jeopardy Clause does not bar retrial of a "defendant whose conviction is set aside because of an error in the proceedings leading to conviction"].) If the People elect not to retry it, the court must strike the gang enhancement and resentence defendant.

The People additionally contend that, given remand is necessary to apply Assembly Bill 333, we need not address defendant's claim that the court erred in its analysis under section 1385 by considering whether defendant posed a danger currently, rather than upon release in the future. In his reply brief, defendant agrees that we need not resolve the parties' disagreement on this issue, given the remand.[5]

---

[5] We also need not address defendant's alternative argument that his counsel provided him with ineffective assistance by failing to argue for the court to resentence him and apply Assembly Bill 333.

C. The Court Erred By Not Recalculating Defendant's Custody Credits

Defendant argues that the court erred by failing to update his actual custody credits when it amended the abstract of judgment. The People concede that the court must update his custody credits, and we agree.

If the court modifies a defendant's sentence, then the court must recalculate the number of days that the defendant has already spent in custody and award those recalculated credits in the new abstract of judgment. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, 37, 41; § 2900.1.) The court here did not update defendant's custody credits. The 2023 amended abstract of judgment reflected that defendant had 885 days of actual custody credits — the same number reflected in the 2009 abstract of judgment. Accordingly, we also remand for the court to recalculate defendant's custody credits.

DISPOSITION

The court's denial order is reversed, and the matter is remanded for a full resentencing, with directions for the trial court to determine if the gang enhancement should be vacated in light of Assembly Bill 333. If the court determines that it must be vacated, the People must be provided the opportunity to retry the gang enhancement in compliance with the amendments brought about by Assembly Bill 333. If the People choose to retry it, the trial court is directed to conduct a full resentencing after that issue has been decided. If the People elect not to retry it, the court must strike the gang enhancement and resentence defendant. Upon completion of the resentencing, the trial court is directed recalculate defendant's custody credits and forward an amended abstract

14

of judgment, reflecting the corrected credits, to the California Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS

J.

We concur:

RAMIREZ

P. J.

RAPHAEL

J.