ON APPLICATION FOR REHEARING
The unpublished memorandum of this court issued July 7, 1995, and the dissenting opinion of Judge Taylor issued the same day, are hereby withdrawn and the following is substituted therefor.
The appellant was convicted of two counts of murder, violations of § 13A-6-2, Code of Alabama 1975. He was sentenced to 99 years' imprisonment on each conviction.
 I
The appellant argues that he was denied a speedy trial. Specifically, he argues that the 29-month delay from his arrest to trial was "presumptively prejudicial" and therefore triggers an explanation of the remaining factors of Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972):
 "The criteria for determining whether one's right to a speedy trial has been violated are set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors to be considered are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of this right; and (4) prejudice to the defendant. Id. at 530, 92 S.Ct. at 2192; Ex parte Carrell, 565 So.2d 104 (Ala. 1990), cert. denied, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701
(1991). Regarding the *Page 304 
balancing of these factors, the Barker Court noted the following:
 "We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.
"407 U.S. at 533, 92 S.Ct at 2193."
Zumbado v. State, 615 So.2d 1223 (Ala.Cr.App. 1993).
"Unless the length of time between the commencement of the prosecution and the trial is presumptively prejudicial, it is unnecessary to consider the other Barker factors." Zumbado, at 1234. In this case, the length of time between the issuance of the arrest warrant, in April, 1992, and the trial, in September 1994, was roughly 29 months. See Vincent v. State,607 So.2d 1290 (Ala.Cr.App. 1992) (time from appellant's arrest to his trial was 31 months and thus lengthy enough to trigger an inquiry into the remaining factors.) Here, the appellant filed his motion to dismiss on December 9, 1993. On April 19, 1994, the State filed a motion to set the case for trial. Neither motion was ruled on and there is no indication in the record that the appellant had made an earlier request for a trial date. Additionally, the prejudice that the appellant alleges to have suffered due to the delay was the death of an alibi witness. Because, however, the appellant presented other alibi witnesses at trial, the testimony of the deceased witness would have been cumulative.
Considering all the Barker factors, particularly that factor dealing with prejudice, we conclude that the appellant's right to a speedy trial was not violated.
 II
The appellant argues that the trial court erred in denying his motion in limine seeking to prevent the State from introducing prejudicial photographs of the victims because, he says, they were more prejudicial than probative.
 " 'As a general rule, photographs are admissible in evidence if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, or to corroborate or disprove some other evidence offered or to be offered, and their admission is within the sound discretion of the trial judge. Photographs which depict the character and location of external wounds on the body of a deceased are admissible even though they are cumulative and based upon undisputed matters. The fact that a photograph is gruesome and ghastly is no reason to exclude its admission into evidence, if it has some relevancy to the proceedings, even if the photographs may tend to inflame the jury.'
 "Magwood v. State, 494 So.2d 124, 141 (Ala.Cr.App. 1985), affirmed, 494 So.2d 154 (Ala. 1986) (citations omitted)."
Harris v. State, 632 So.2d 503, 530 (Ala.Cr.App. 1992), affirmed, ___ U.S. ___, 115 S.Ct. 1031, 130 L.Ed.2d 1004
(1995).
The record indicates that the photographs corroborated the State's evidence and that they served to illustrate certain witnesses' testimony. The photographs also identified the victims, showed the nature and extent of their burns, and depicted the crime scene. Therefore, no abuse of discretion occurred in the admission of the photographs. Grice v. State,527 So.2d 784 (Ala.Cr.App. 1988).
 III
The appellant argues that the trial court erred in denying his motion to disqualify the special prosecutor based on an alleged conflict of interest. He argues that the conflict arose out of a plea bargain offered by the prosecutor to George Cottrell, an accomplice of the appellant's, who agreed that he would, in exchange for the plea, testify against the appellant. He argues that the conflict existed because soon after the prosecutor *Page 305 
negotiated the plea, he joined the firm that represented the accomplice.
The record contains the following motion to disqualify, filed on September 15, 1994, by the appellant:
 "The indictment against Mr. Howard was filed in the Spring of 1992 and this cause has been mistried on two prior occasions. A first mistrial occurred because of a defense attorney's conflict of interest. The second mistrial occurred during the process of jury selection, at which time it was revealed that the prosecuting attorney, Paul Copeland, had entered into a plea agreement with George Cottrell, a codefendant in this case. George Cottrell was represented by Richard Gill, who is a partner in the law firm that presently employs Mr. Copeland. At the time of the plea agreement, both Gill and Copeland knew that Copeland would soon be employed by Mr. Gill's firm. Copeland had arranged a deal that could not have appeared to be more favorable to his future employer. Copeland agreed to dismiss five counts of capital murder against Mr. Cottrell and substitute one count of reckless murder therefor. He then agreed to recommend that Gill's client, Cottrell, receive the minimum possible sentence allowed by law. Judge Gordon rejected this recommendation and imposed a life sentence on Cottrell. Cottrell is now seeking reconsideration of his sentence in accordance with Mr. Copeland's recommendation. Recognizing that the relationship between Gill and Copeland surrounding the plea arrangement created a conflict of interest for Mr. Copeland, this Honorable Court ordered a mistrial so that another district attorney could prosecute the case. The factual circumstances giving rise to the Court's prior determination, that a conflict of interest existed, remains the law of the case and continues to compel the conclusion that Mr. Copeland must be disqualified as the prosecuting attorney. In addition, the appointment of Mr. Copeland as Special Prosecutor is not authorized by any provision of the Alabama State Code."
(Emphasis added.)
Additionally, the record reveals that, on April 19, 1994, approximately five months before the filing of the aforementioned motion, the accomplice's attorney, Richard Gill, filed a motion to withdraw as counsel. That motion was granted. On April 28, 1994, the special prosecutor, Paul Copeland, requested an advisory opinion from the Alabama State Bar Association as to whether an apparent conflict existed that would prevent Mr. Copeland from prosecuting the appellant.
Mr. Copeland entered into plea negotiations with the appellant's accomplice while he was employed by the district attorney's office; hence, he represented the State. When Mr. Copeland agreed to accept the appointment as special prosecutor and prosecute the appellant, he still represented the State, although he was practicing at the same law firm at which the accomplice's former attorney practiced. Because the accomplice was a former client of Mr. Gill's and a witness for the State, no conflict existed. Cf. Weaver v. State, 678 So.2d 260
(Ala.Cr.App. 1995) (holding that the district attorney's office need not recuse itself from a case because an assistant district attorney had represented the appellant's accomplice before being employed by the district attorney's office.) There was no conflict of interest in this case. See Jackson v. State,502 So.2d 858 (Ala.Cr.App. 1986).
 IV
The appellant argues that the trial court erred in denying his motion to suppress a statement he had made to the police. In support of his argument, he contends that he had asked for an attorney and had been refused. He further contends that the police threatened him and physically abused him until he gave a statement. The appellant presented this testimony at the suppression hearing.
Testimony at the hearing on the motion to suppress presented by the State revealed that the appellant was advised of hisMiranda rights before he was arrested and again before he gave a statement. They testified that the appellant, who was at all times coherent, signed a waiver of rights form. The police officers involved in the *Page 306 
arrest and subsequent interrogation of the appellant testified the appellant was in no way threatened or coerced into making a statement. They each testified that one of the appellant's hands was handcuffed to his chair during the interview pursuant to standard policy. The arresting officer testified that he did not question the appellant while on the way to police headquarters. The officers testified that the appellant gave an oral and videotaped statement. They testified that the appellant refused to sign the statement approximately three days after it was taken and transcribed. The trial court found that the appellant's statement was voluntary.
 "In determining whether a confession is voluntary, the trial court's finding of voluntariness need only be supported by a preponderance of the evidence. Seawright v. State, 479 So.2d 1362, 1367 (Ala.Crim.App. 1985). The trial court's decision will not be disturbed on appeal unless it is manifestly contrary to the great weight of the evidence. " 'The test for the voluntary nature of an extrajudicial confession or inculpatory statement is whether in light of all the surrounding circumstances, the statement was free from inducement, threat or promise, either expressed or implied, which would have produced in the mind of the accused any fear of harm or hope of favor.' " Seawright, 479 So.2d at 1367, citing Rogers v. State, 365 So.2d 322 (Ala.Crim.App.), cert. denied, 365 So.2d 334 (Ala. 1978)."
Dixon v. State, 588 So.2d 903, 907 (Ala. 1991).
Here, the trial judge, as the finder of fact, determined the credibility of the witnesses. The trial court's determination regarding credibility of witnesses is entitled to great weight on appeal. Dixon, supra. Because the trial court's finding of voluntariness is supported by the record, its ruling is affirmed.
 V
The appellant argues that there was insufficient evidence to sustain his conviction for murder because, he says, his statement was involuntary and the State's case rested largely on the testimony of an accomplice, George Cottrell.
The record reveals, however, that the appellant's motion for a judgment of acquittal, made at the close of the State's case and again at the close of his case, concerned only the sufficiency of the evidence to support a charge of capital murder. The appellant failed to question the sufficiency of the evidence to support a murder conviction. Linville v. State,634 So.2d 601 (Ala.Cr.App. 1993).
 VI
The appellant argues that the trial court erred in refusing to give his requested instruction on criminally negligent homicide.
The record indicates that the trial court charged the jury on capital murder, murder, felony murder, reckless murder, and manslaughter. Because there was no evidence to support a charge on criminally negligent homicide, the trial court's refusal was proper. Ball v. State, 489 So.2d 675 (Ala.Cr.App. 1986); Phelpsv. State, 435 So.2d 158 (Ala.Cr.App. 1983). Moreover, since the jury found the appellant guilty of murder, rather than manslaughter, the refusal of the requested charge was harmless. Rule 45, A.R.App.P.
ORIGINAL UNPUBLISHED MEMORANDUM AND DISSENTING OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED.
All judges concur except COBB, J., who recuses.