The State filed this petition for a writ of mandamus directing Judge Ned Suttle to rescind his order setting a jury trial on the issue whether prosecutorial misconduct during Donald Wayne Darling's first trial barred a second trial in this case.
In November 2002, Darling was indicted for murder made capital because it was committed during the course of a burglary. His first trial began on June 23, 2003. On June 28, 2003, after the jury had deliberated for one full day the trial court declared a mistrial when the jury was unable to reach a unanimous verdict.[1] On July 1, 2003, Darling moved to dismiss the capital-murder charges against him, arguing, that subjecting him to a second trial when *Page 325 
prosecutorial misconduct in the first trial prevented the jurors from reaching a unanimous verdict violated the Double Jeopardy Clause. He also requested a jury trial on the issue whether the prosecutor's actions were intentional. Judge Suttle granted Darling's request for a jury trial. The State filed a motion to reconsider; Judge Suttle denied that motion. The State then filed this mandamus petition and requested a stay of the proceedings in the circuit court. We stayed all action in the circuit court pending our resolution of this mandamus petition.
The State argues that whether the Double Jeopardy Clause bars Darling's retrial is a question of law — one for the trial court to resolve — and that the trial court erred in setting the matter for a jury trial on the issue. It argues that whether a mistrial granted when the jury is deadlocked bars a retrial is never a question of fact but strictly a question of law. It asserts that a mistrial resulting from a deadlocked jury never bars a retrial.
Darling argued in his motion to dismiss that certain errors that occurred at trial resulted in the jury's being unable to reach a unanimous verdict and that those errors were intentionally caused by the district attorney.
The United States Constitution and the Alabama Constitution of 1901 both prohibit subjecting a defendant to multiple prosecutions for the same offense. See Fifth Amend. U.S. Const. and Art. I, § 9, Ala. Const. of 1901.
Art. I, § 9, Ala. Const. of 1901, reads as follows:
 "That no person shall, for the same offense, be twice put in jeopardy of life or limb; but courts may, for reasons fixed by law, discharge juries from the consideration of any case, and no person shall gain an advantage by reason of such discharge of the jury."
The Legislature subsequently enacted Title 30, § 100, Ala. Code 1940, the predecessor statute to § 12-16-233, Ala. Code 1975.[2] Section12-16-233 states:
"The court or presiding judge in all cases of jury trial may discharge the jury without giving a verdict, with the consent of all parties to the trial or without the consent of the parties, when, in the opinion of the court or judge, there is a manifest necessity for the discharge or when the ends of justice would otherwise be defeated. In all cases in which the jury is discharged without a verdict, a mistrial shall be entered upon the minutes of the court, assigning the reason or cause for the mistrial, and no person shall gain any advantage by reason of such discharge of the jury."
Art. I, § 9, Ala. Const. of 1901 and § 12-16-233, Ala. Code 1975, specifically give a trial court the authority to declare a mistrial when there is a "manifest necessity." The statute and subsequent caselaw also provide that when a mistrial is declared because of a "manifest necessity" a retrial is not barred. See Ex parte Whirley, 530 So.2d 865
(Ala. 1988); Cox v. State, 585 So.2d 182 (Ala.Crim.App. 1991); McKinney v. State, 567 So.2d 870 (Ala.Crim.App. 1990). "The `prototypical example' of a case meeting the `manifest necessity' standard . . . is the hung jury." Ex parte Anderson, 457 So.2d 446, 448 (Ala. 1984), citing Oregon v. Kennedy, 456 U.S. 667 (1982). *Page 326 
As the United States Supreme Court stated in Arizona v. Washington,434 U.S. 497 (1978):
 "[T]he mistrial premised upon the trial judge's belief that the jury is unable to reach a verdict, [has] long [been] considered the classic basis for a proper mistrial. The argument that a jury's inability to agree establishes reasonable doubt as to the defendant's guilt, and therefore requires acquittal, has been uniformly rejected in this country. Instead, without exception, the courts have held that that trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial. This rule accords recognition to society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws."
434 U.S. at 509 (footnote omitted).
Typically, when a mistrial is declared on a defendant's motion a retrial is not barred by the prohibition against double jeopardy. See United States v. Dinitz, 424 U.S. 600 (1976). However, the United States Supreme Court has recognized an exception to this general rule. See Oregon v. Kennedy, supra. When the prosecutor's actions were intended to goad the defendant into moving for a mistrial then the State is barred from prosecuting the defendant in a second trial. See Oregon v. Kennedy. In keeping with the holding in Oregon v. Kennedy, the Alabama Supreme Court adopted Rule 15.4, Ala.R.Crim.P., which provides:
 "(a) Determination of Motions. A motion raising defenses or objections made before trial pursuant to this rule shall be determined before trial, unless the court for good cause orders that it be deferred for determination at the trial on the merits.
 "(b) Jury Trial. Unless a jury trial of an issue of fact raised by the motion is waived, such issue shall be tried by a jury if a jury trial is constitutionally required.
 "(c) Court Trial. All other issues of fact raised by the motion shall be determined by the court without a jury in such manner as the court may direct."
This rule allows a jury to be empaneled to determine the factual question whether the prosecutor's actions in the first trial were intended to provoke the defendant into moving for a mistrial.[3]
Here, the trial court declared a mistrial because the jury could not reach a unanimous verdict. The mistrial was not declared based on any alleged misconduct by the prosecutor.
In Richardson v. United States, 468 U.S. 317 *Page 327 
(1984), the United States Supreme Court considered whether the Double Jeopardy Clause barred Richardson's retrial when the first jury had acquitted him of one of the charged drug violations but was unable to reach a verdict on the two remaining charges. The trial court had declared a mistrial on the two counts as to which the jury was unable to reach a verdict. The Supreme Court detailed the history behind the principle that a mistrial declared because of a hung jury will not bar a second trial. The Court stated:
 "The case law dealing with the application of the prohibition against placing a defendant twice in jeopardy following a mistrial because of a hung jury has its own sources and logic. It has been established for 160 years, since the opinion of Justice Story in United States v. Perez, 9 Wheat. 579 (1824), that a failure of the jury to agree on a verdict was an instance of `manifest necessity' which permitted a trial judge to terminate the first trial and retry the defendant, because `the ends of public justice would otherwise be defeated.' Id., at 580. Since that time we have had occasion to examine the application of double jeopardy principles to mistrials granted for reasons other than the inability of the jury to agree, whether the mistrial is granted on the motion of the prosecution, see Illinois v. Somerville, 410 U.S. 458 (1973), or on the motion of the defendant, see Oregon v. Kennedy, 456 U.S. 667
(1982); United States v. Dinitz, 424 U.S. 600 (1976). Nevertheless, we have constantly adhered to the rule that a retrial following a `hung jury' does not violate the Double Jeopardy Clause. Logan v. United States, 144 U.S. 263, 297-298 (1892). Explaining our reasons for this conclusion in Arizona v. Washington, 434 U.S. 497 (1978), we said:
 "'[W]ithout exception, the courts have held that the trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial. This rule accords recognition to society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws.' Id., at 509.
 "We are entirely unwilling to uproot this settled line of cases by extending the reasoning of Burks [v. United States, 437 U.S. 1 (1978)], which arose out of an appellate finding of insufficiency of evidence to convict following a jury verdict of guilty, to a situation where the jury is unable to agree on a verdict. Thirty-five years ago we said in Wade v. Hunter, 336 U.S. 684, 688-689 (1949):
 "'The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict. In such event the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again. . . . What has *Page 328 
been said is enough to show that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments.'
". . . .
 ". . .The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial."
468 U.S. at 323-25 (footnote omitted). The Supreme Court also noted in a footnote in that opinion that "no set of facts will support the assertion of a claim of double jeopardy like petitioner's in the future."468 U.S. at 326 n. 6.
The holding in Richardson is in accord with the Alabama Constitution of 1901, § 12-16-233, Ala. Code 1975, and Alabama caselaw. Whether the Double Jeopardy Clause bars a retrial when a trial has ended in a hung jury is never a question of fact but is always a question of law.
Accordingly, the trial court erred in granting Darling's motion for a jury trial on the issue whether the prosecutor's conduct provoked a mistrial. There is no set of circumstances that will bar a retrial in this case. See Richardson.
This petition is due to be, and is hereby, granted. The trial court is directed to rescind its order granting Darling's motion for a jury trial on the issue of whether a retrial would violate the Double Jeopardy Clause.
PETITION GRANTED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] An exhibit filed with the petition contains a portion of the transcript where the jury foreperson returned with the following question, "Two members are determined that their mind is made up. Therefore, we cannot all 12 come up with a 12-0 vote. What's next?" (R. 669.) The trial court then gave the jury an instruction and sometime later declared a mistrial.
[2] "It is clear that this Code section [Title 30, § 100, Ala. Code 1940] recognizes the fact that hung juries come about and our law today does not contemplate that the circuit judge shall cart them about on his itinerary from county seat to county seat till they agree." Orr v. State, 40 Ala. App. 45, 51, 111 So.2d 627, 633 (1958).
[3] Very few cases in Alabama specifically address a defendant's right to a jury trial on the allegation of a double-jeopardy violation. See Ex parte Adams, 669 So.2d 128, 129 (Ala. 1995) (prosecutor asked witness whether the defendant had made a statement that contained a "pejorative racial term" and jury trial was necessary to determine whether the prosecutor's actions were intentional); Ex parte Taylor, 720 So.2d 1054
(Ala.Crim.App. 1998) (Taylor waived right to jury trial on the issue whether the prosecutor intended to provoke a mistrial after the prosecutor failed to disclose two audiotapes of the conversations with the defendant); Billups v. City of Birmingham, 367 So.2d 518 (Ala.Crim.App. 1978) ("'When the plea on its face shows that the question raised by it is a matter of law and not of fact,. . . it is a question for the court alone, which should pass on the question of law properly presented and either sustain the plea and discharge accused or overrule the plea and place him on trial on the merits.'" (Quoting 22 C.J.S. Criminal Law § 446(b)); Duncan v. City of Birmingham, 384 So.2d 1232 (Ala.Crim.App. 1980) (when the issue is a matter of law, it need not be submitted to a jury).